FRANK H. STOCKETT *vs.* REBECCA R. GOODMAN,
Administratrix of WILLIAM R. GOODMAN.

### CONSTRUCTION OF DEEDS.

*Parties in Equity—Right of Assignees pendente lite to be made parties to a suit.*

It is a familiar rule of law that deeds are to be construed most strongly against the grantor and favorably to the grantee.

Whatever the estate and interest of the grantor is in lands conveyed, at the time of the conveyance, the deed of conveyance will be so construed as to pass that interest to the grantee, unless it appears from the deed to be the intention of the grantor to pass a less estate.

If one have divers estates in land, as for life and in fee, and he make any charge upon or grant out of it, this grant or charge *shall issue out of all his estates ;* i. e., *shall be binding on the estates as an estate,* and it shall enure from him having several estates as from several persons having the same estate.

Assignees under a voluntary deed of trust made to them *pendente lite* are subject to all the equities of the assignor; they stand in no better position than the person under whom they claim, and can set up no defence which he cannot. Their rights are entirely in subjection to his.

To admit such assignees as parties to a suit already begun, would delay the complainant's proceedings, and could not change the result as against the defendant.

If assignees *pendente lite* could claim the right of becoming parties, the litigation might be rendered interminable by successive assignments.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

In April, 1874, the appellee filed on the equity side of the Circuit Court for Anne Arundel County her bill of complaint, claiming that as administratrix of William R. Goodman she was entitled to the foreclosure of certain mortgages executed by the appellant during the life-time of the deceased.

The bill alleged, first—that the appellant being indebted to Wm. R. Goodman in the sum of seven thousand dollars, in March, 1867, gave him a mortgage on certain real estate, to secure payment of the debt, (it being provided in the mortgage that if on or before the sixth day of March, 1872, the said sum of seven thousand dollars, and interest thereon semi-annually from the date of said mortgage, should be paid by the appellant, his administrators, &c., the mortgage should be void,) and that at the time of filing the bill no part of the said sum had been paid; secondly— that the appellant was also indebted to Wm. R. Goodman in the sum of three thousand dollars, by virtue of the assignment of a mortgage from Thomas V. Brundige, executor of W. F. Worthington, to said Wm. R. Goodman, in his life-time, and that no part of said sum had ·ever been paid.

Subsequently the appellee filed an amended bill, in which she alleged that the aforesaid three thousand dollar mortgage was given by Stockett to Worthington as a security for the unpaid purchase money on the real estate conveyed by Worthington to Stockett; and she averred that this constituted a lien on the property, and that the assignment of the mortgage to Wm. R. Goodman was an assignment of the said lien, as the vendor's lien, to the said Goodman, and was so held by her as administratrix.

The appellant, in his answer, admitted the execution of both of the aforesaid mortgages, but denied that the one for three thousand dollars had been given as security for unpaid purchase money, and claimed that no vendor's lien was conveyed or made by said mortgage.

He further alleged that as to a certain portion of the land, of which each mortgage conveyed a part, he had only the reversion or remainder in fee after the expiration of a life estate therein limited, by the will of Lewis Neth, Jr., to his widow, Harriet Neth, who afterwards became the wife of Wm. S. McPherson; and he claimed that

under no decree for the sale of said parcel of land, could a greater estate be sold than such reversion or remainder.

The appellant also averred in his answer that after the execution of the mortgage to Worthington, which covered the whole of the real estate conveyed to him by Worthington, and before the execution of the mortgage to Goodman, he conveyed to a certain John Wolf a part of said real estate, which was specially excepted from the mortgage to said Goodman ; and the appellant contended that the said parcel of land could not be decreed to be sold except only in the event that the residue of the real estate embraced in the mortgage to Worthington should prove inadequate on a sale thereof to pay the debt and interest due, and secured by said mortgage.

On the 13th of April, 1875, the appellant, for the purposes named in the deed to them, conveyed all his property to Wm. H. Tuck and Wm. T. Iglehart in trust.　On the 8th of February, 1876, these trustees filed a petition in the Circuit Court for Anne Arundel County, stating that in the execution of the mortgages by the appellant, his wife had never joined, and claimed that her contingent rights of dower in the real estate had not been conveyed by the said mortgages, but that as she had united with her husband, the appellant, in the deed of trust, such contingent right did pass to them for the purposes of said trust. They further stated that the life estate of Mrs. McPherson in the mortgaged property had been leased to the appellant by her after the date of the mortgages, and claimed that as this life estate passed to them by virtue of the deed of trust, it could not be sold or its rights be impaired under or by said mortgages.

By the said deed of trust it was provided that if the holders of the mortgages would consent that the property should be sold by the trustees, under the deed of trust, then that the net proceeds of the sale of the whole fee-simple estate, including the contingent right of dower

and the leasehold estate, should be applied, in the first place, to the payment in full of the said mortgaged debts.

The petitioners asked to be made parties to the suit, and that the complainant might be required to accept or refuse the above mentioned provision in the said deed of trust, and that they, (the petitioners,) might have such other relief, &c.

The petition was refused, and on the 4th day of May, 1876, a decree was passed, whereby it was ordered that unless the said Frank H. Stockett shall, on or before the 5th day of June next, pay or bring into Court to be paid unto the complainant, the sum of ten thousand seven hundred and seventy dollars, with interest on ten thousand dollars, part thereof, from the 21st day of April, 1875, until paid or brought in to be paid, as aforesaid, together with the complainant's costs of suit, that the real estate in the proceedings mentioned, or so much thereof as may be necessary to pay the same, be sold, except the thirty-eight acres sold to John Wolf, as mentioned in these proceedings, which is excluded from the operation of this decree, and reserved for the future order of the Court.

From this decree of the Court the present appeal was taken.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON and BRENT, J.

*Wm. H. Tuck* and *Wm. T. Iglehart,* for appellant.

*Ferdinand Mullan* and *J. Wirt Randall,* for appellee.

BRENT, J., delivered the opinion of the Court.

Most of the questions which have been presented in the argument in this case, are not before us. They must be left for a decision when they properly arise, and when all the parties interested are in Court. Mrs. Stockett is not a

party to these proceedings, and any view which we might now hold in relation to her right of dower in the lands in question would be clearly *obiter dictum*, and not binding upon her. She has not united with her husband in the mortgages which he has made, and there is no reason or necessity that she should have been made a party in this cause. This Court has sometimes, to prevent future litigation, expressed an opinion upon matters not necessarily in the case, but it is never done against the declared wish of either of the parties to the case before them. The complainant insists that her case should not be encumbered and delayed by a question of dower, which depends upon the contingency of survivorship, and where the party most interested, the wife, is not before the Court. We shall, therefore, make no further reference to this question. The Circuit Court refused to consider it, and in so doing, committed no error.

The mortgagor, Stockett, before he obtained the fee in the lands mortgaged, acquired the life estate, which a certain Mrs. McPherson had in them, for the payment annually during her life, of the sum of three hundred dollars, in half-yearly instalments, with the power reserved of distress in case of default, and the question arises whether this life estate so held by him is included in the mortgages. It is a familiar rule of law, that deeds are to be construed most strongly against the grantor, and favorably to the grantee. In the first mortgage, the terms of conveyance are, that he "does grant, bargain and sell to the said William F. Worthington, his heirs, and assigns, all that tract or parcel of land, lying and being in Anne Arundel County, and known as Primrose Farm," and in the second, that he "does hereby grant, bargain and sell to the said William R. Goodman, and his heirs, all that land, &c., constituting the farm of said Stockett, known as Primrose." The reasonable construction to be placed upon this important part of the grant is, that it conveys

the interest of the grantor, whatever it is, in the lands in question. In the very able work of Sheppard, in discussing the exposition of deeds, it is said, "if one have divers estates in land, (as for life and in fee,) and he make any charge or grant upon or out of it, this (grant or charge) *shall issue out of all his estates.* And if one have a possession and an ancient right, and grant a rent charge out of the land, or make a lease of the land, this (grant or charge) shall issue out of both estates, (*Perk.*, *sec.* 592,) (*i. e.*, shall be binding on the estates as an estate, and amount to a conformation as to the right), and it shall enure from him having several estates, as it shall enure from several persons having the same estates, viz., Different estates in themselves respectively." 1 *Shep. Touch.*, 85 (*m*), 30 *Law Lib.*, 169. This rule so forcibly put applied to the deeds in question renders their construction an easy one. Whatever the estate and interest of the grantor was in the lands in question, it passed to the grantee under them. If he was possessed of an estate for life and in fee in the "Primrose Farm," the conveyances he has made of that farm carried over to the grantee both estates, the estate for life subject of course to the terms and stipulations upon which he held it.

But it is said that a reference in the mortgages, to the deeds only which conveyed a fee to Stockett, excludes and excepts the life estate which he held under the agreement and purchase from the tenant for life. We do not so construe these mortgages. The reference to the deeds is not by way of limiting the quantity of the estate mortgaged, but is made for the purpose of designating and describing the land conveyed. The words used in the second mortgage as follows, "being the same parcels of land described and mentioned as conveyed to said Stockett by three several deeds of conveyance, viz., &c.," certainly can only be construed in this sense. Nor do we think that any other interpretation can be fairly given, as against a grantee, to

the reference to the deed from Worthington in the first mortgage. These deeds are manifestly referred to for the purpose of giving a more certain description of the land and its location, and cannot be accepted as excluding or excepting from the mortgages in question any other interest which Stockett has in the land than that which was conveyed to him by these deeds.

After the commencement of the proceedings in this case and the filing of the answer, the defendant Stockett, on the 13th of April, 1875, executed to certain trustees, for the benefit of his creditors, a deed, in which his wife united, of all his property, except certain reservations to her in consideration of the surrender of her right of dower. On the 8th of February, 1876, these trustees filed a petition, and with it their deed as an exhibit, asking to be admitted as parties defendants in this suit. The Circuit Court refused their application, and passed an order dismissing their petition. We can see no reason why they should have been admitted as parties. They are assignees under a voluntary deed made to them *pendente lite,* and subject to all the equities of the defendant. They stand in no better position than the person under whom they claim, and can set up no defence which he cannot. Their rights are entirely in subjection to his, and to admit them as parties now would delay the complainant's proceedings, and could not change the result as against this defendant. If assignees *pendente lite* can claim the right of becoming parties, the litigation, by successive assignments, might be rendered interminal. *Sedgwick vs. Cleaveland,* 7 *Paige,* 290 ; *Story's Eq. Plea.,* sec. 156.

The complainant in this case has proceeded with regularity to obtain a decree, and we find nothing in the record which should subject her to further delay and costs. We will thereupon affirm the decree of the Circuit Court.

*Decree affirmed.*

(Decided 13th June, 1877.)