HOWITT vs. BLODGETT, Assignee, etc.

CORK vs. SAME.

*October 17 — November 6, 1884.*

*Voluntary assignment: Right of assignee to defend in action against assignor: Substitution of parties.*

1. When an action has been properly commenced against a debtor and his property seized on attachment therein, and the debtor afterwards, before the time to answer has expired, makes an assignment for the benefit of all his creditors in the manner provided by ch. 80, R. S., the assignee cannot, without leave of court first obtained, appear in such action and in his own name answer in the main action or traverse the affidavit for the attachment.

2. An assignment by a debtor for the benefit of his creditors is not a devolution of his liability upon the assignee, within the meaning of sec. 2801, R. S., and gives such assignee no right to be substituted as a defendant in an action against such debtor.

APPEALS from the Circuit Court for *Waukesha* County. The facts (which are substantially the same in each case) are sufficiently stated in the opinion. The plaintiff in each case appealed from the order substituting the assignee as defendant; from the order allowing the special answer filed by the assignee to stand as his answer, and vacating the judgment; and from the order setting aside the execution.

The causes were submitted for the appellants on briefs by *D. H. Sumner* and *Hurlbut & Robinson*, and for the respondent on the briefs of *A. Cook.*

TAYLOR, J. The same questions are presented for consideration by this court upon the two appeals taken in the above-entitled actions, and but one opinion will be necessary to dispose of all the questions raised upon the hearing of said appeals.

Each of the appellants commenced an action against the defendant, Boorman, May 2, 1883, by personal service of the summons and writ of attachment, to recover a debt due from Boorman to him. Upon the commencement of said actions the plaintiffs made the proper affidavit therefor, and issued attachments against the property of the defendant, and the property of the defendant was attached in each action.

After the actions were commenced and the attachments served, and before the time to answer in the actions had expired, the defendant, Boorman, executed a voluntary assignment of his property in trust for the benefit of his creditors, under ch. 80, R. S. 1878, to *Chester A. Blodgett*, as assignee. After the assignment was perfected, and on the 19th day of May, 1883, and before the time to answer in said actions had expired, the assignee, without being substituted as defendant in the action, and without leave of the court, made and served in his own name a special answer, traversing the facts set forth in the affidavits for the attachments in each case. No answer was served or filed in the principal actions against Boorman by any one; and on the 26th day of May, 1883, judgments were entered by default in each action against the defendant, Boorman, for the amount claimed in the verified complaint.

Afterwards, on the 28th day of August, 1883, *Blodgett* obtained an order from the circuit court substituting him as defendant in each of said actions. On the 28th of December he obtained an order from said court allowing the special answer filed by the assignee, *Blodgett*, to stand as the special answer of the assignee, and vacating the judgment entered in each of said actions, May 26, 1883, and also setting aside the executions issued on said judgments.

These orders were all made without any proof on the part of the assignee that there was any defense to the actions of the appellants against Boorman, and without any proof that there was any connivance or conspiracy between the appellants and Boorman, the defendant, to permit the appellants to obtain an unjust preference over the other creditors of Boorman in the payment of these claims, by permitting attachments of his property to be made upon affidavits alleging as facts matters which could not be established if denied by Boorman as he was authorized to do by statute, nor is it anywhere shown that Boorman was ever requested to file and serve a special answer denying the allegations in the affidavits for attachments, and that he refused to do so.

The important questions upon these appeals are: (1) Had the assignee the right to file a special answer in the actions against Boorman, traversing the affidavits upon which the attachments were issued? and (2) Was he entitled to be substituted as defendant in said actions?

Irrespective of some questions as to the regularity of the practice pursued by the assignee, the material question to be determined upon these appeals is this: When an action has been properly commenced against a debtor, and his property seized on attachment in such action, and the debtor afterwards and before the time to answer has expired makes a voluntary assignment of his property to a trustee for the benefit of all his creditors, in the manner provided by ch. 80, R. S., can such trustee, without leave of the court first obtained for that purpose, appear in such action and in his own name answer in the main action, or make a special answer traversing the allegations in the affidavit upon which the attachment was issued? We think this question must be answered in the negative. The only plausible ground for allowing the assignee to attack in his own name the attachment proceedings is that such proceedings will give the attaching creditors a preference over the non-attaching creditors; that they are not under the law entitled to such

preference unless they can show good cause for making the attachment; and that the assignee, standing in the place of the other creditors and for their benefit, can compel the attaching creditors to make good their claim to hold the assigned property by virtue of these attachments. The ground for the proceeding on the part of the assignee must rest upon the theory that permitting the attaching creditors to hold the property against the general creditors would be a fraud, and the fact that the assignor declines to put the plaintiffs to proof of their right to hold the attached property is presumptive evidence of fraudulent conspiracy with the plaintiffs to give them an unjust preference.

That this proceeding could not have been taken by an assignee previous to the enactment of ch. 349, Laws of 1883, is plain, as this court held, before that act was passed, in the cases of *Hawks v. Pritzlaff*, 51 Wis. 160; *Estabrook v. Messersmith*, 18 Wis. 545, that the assignee represented the debtor alone, and not the creditors, and that such assignee could not maintain an action in his own name to set aside a fraudulent conveyance of property made before the assignment; and if he could not do that, certainly he could not set aside an attachment suffered to be levied upon the assignor's property previous to the assignment.

It is clear that the case does not come within the provisions of sec. 2801, R. S. There was neither a transfer of interest nor a devolution of liability within the meaning of that statute. The interest of the plaintiff in the action was the same after as before the assignment. The debtor could not, by a voluntary assignment of his property in trust for his creditors under the provisions of ch. 80, R. S., divest the plaintiff of his right to have a judgment for the amount of his debt against him. And on the part of the assignor and defendant in the action, by his assignment he could not and did not devolve any personal liability upon his assignee to pay the judgment which might be obtained against him

in such action.  A voluntary assignment by a debtor of his property to a trustee, for the benefit of his creditors, is not a devolution of liability upon the assignee, within the meaning of such section.  The contract between the creditor and debtor remains in full force after the assignment as well as before; and he has the right to have judgment for the full amount of his claim, not against the assignee, but against his debtor, the assignor.  It presents an entirely different case from that existing between a creditor and debtor after an assignment by the debtor in bankruptcy, with a view of being discharged from all liability upon his contract.  In such case, it may well be held that all the liability remaining in favor of the creditor, after the assignment, is the liability of the assignee, and in such case the assignee is properly substituted in place of the defendant, who has made the assignment and by so doing is in law presumed to have discharged himself from any further liability to his creditor. It is clear, therefore, that the assignee has no right to be substituted as a defendant in the original action, and, if he can intervene at all in the defense of the action for the protection of the general creditors, such intervention must be in the name of the assignor, he being the only person against whom the plaintiff in the action is entitled to demand or have judgment. *Stockett v. Goodman*, 47 Md. 54, 60; *Sedgwick v. Cleveland*, 7 Paige, 290; Story's Eq. Pl. § 156.

Not having the right to be substituted as defendant in the principal action, it follows, as a logical conclusion, that he cannot, as a matter of course and without at least showing some reason therefor, be permitted to traverse the affidavit upon which the attachment in the action is issued.  The statute (sec. 2745, R. S.) limits the right to traverse the affidavit to the defendant in the action.  The right is purely statutory, and can only be exercised by the person or persons designated thereby.  Such was, undoubtedly, the view of the statute taken by the learned circuit judge, as well as

by the learned counsel for the respondents; and, in order to bring the assignee within the statute, he was in fact substituted as the defendant in the principal action, which, as we hold, was not authorized by law.

If it be urged that if the practice indicated in this opinion is to prevail, the assignor may, notwithstanding ch. 349, Laws of 1883, give an unjust preference to some of his creditors by allowing them to hold his property upon attachments issued immediately before making an assignment, upon making an affidavit which could not be sustained upon a traverse under the statute, by declining to file the special answer required by the statute, and so accomplish by indirection that which could not be done directly, we can only suggest that if such an evasion of the statute against preferences should be attempted, it is quite probable that the assignee might prevent the fraud by an equitable action brought in his own name to avoid such unjust preference under the authority of the same statute. We do not, however, express any opinion upon that question, as it is not presented by anything appearing in the record on these appeals. There is nothing in any of the motion papers which tends to establish any connivance or conspiracy between the plaintiffs and the assignor to give the plaintiffs an unlawful preference over the other creditors, and there was no ground, therefore, for any equitable interference on the part of the court, if upon a proper showing any such interference could have properly been obtained in the pending actions.

*By the Court.*— The orders of the circuit court appealed from in each of said cases are reversed, and the causes remanded for further proceedings.