to remain need not be fixed and unalterable, but if it becomes a place of fixed present domicile, it will be sufficient to fix a residence, though there may be a floating intention to return to his former place of abode at some future period. And to the same effect are the cases of *Lancaster* v. *Herbert*, 74 Md. 334; *Thomas* v. *Warner*, 83 Md. 20. Here the appellant actually resided in Baltimore City at the time of his application for registration, and this place had become his fixed present domicile and could not be defeated by a mere floating intention to return to Anne Arundel County at some indefinite period. But apart from this under the special provisions of the statute, section 23, Act of 1896, chap. 202, in determining whether a person is or not a resident of any voting precinct, it shall be presumed that if a person is shown not to reside at the dwelling given in the entries relating to him on the registration books, he is not a resident of the precinct, unless it should be affirmatively shown that he is such resident. There is no affirmative proof in the record in this case to overcome this statutory presumption nor, as we have said, to establish a legal residence in Anne Arundel County."

Opinion by BRISCOE, J., filed February 18th, 1897.

*Elihu S. Riley*, for the appellant. *Edward C. Gantt, State's Attorney*, for the appellees.

No. 88, October term, 1897. Recorded in Liber J. S. F., No. 2, etc., folio 821 of "Opinions Unreported."

---

## THE MARYLAND COAL CO. *vs.* THOS. F. BAKER.

*A Case Upon Second Appeal Governed by the Law Laid Down Upon the First Appeal.*

Appeal from the Circuit Court for Garrett County. *Affirmed*

The first appeal in this case is reported in 84 Md. 19. On the first trial in the Court below the case was taken away from the jury. An instruction was given to the effect that

the plaintiff was not entitled to recover. The prayers presented by the plaintiff were rejected and upon the judgment being entered against him he appealed. In 84 Md. 19, that judgment was reversed and it was held that the prayer which was granted ought to have been rejected, and that those which were rejected ought to have been granted. The record was then remanded for a new trial. A new trial was subsequently had and resulted in a verdict and judgment for the plaintiff, for $2,000, and now the defendant appears as appellant. There is but one bill of exception in the record, and that brings up for review the ruling of the Circuit Court on the prayers. The plaintiff presented the same prayers, which on the first trial were rejected, but which this Court held, on the first appeal, ought to have been given ; and accordingly the second trial these identical prayers were granted. The defendant presented precisely the same prayer which had been formerly granted, and which it was held on the first appeal, ought not to have been granted ; and it was consequently, on the second trial, rejected. In addition to this prayer the defendant offered four others which were conceded. The Court said : " We are now asked to hold that the plaintiff's prayers ought not to have been granted, though we decided on the former appeal that there was error in the refusal to grant them; and are further asked to adjudge that the defendant's prayer, withdrawing the case from the jury again, ought to have been granted, notwithstanding our former conclusion that it ought to have been rejected in the first trial ; practically what we are now requested to do, if the facts presented by both records are the same, or substantially the same, is to grant a reargument of or to reverse the first case as decided last June. It is certainly unnecessary to restate the facts and to discuss over again the law. If there are no material or substantial variations in the facts set forth in the two records, our former decision is binding and not open to review. *Cum. C. & J. Co.* v. *Sherman et al.,* 20 Md. 131 ; *Emory & Ganet* v. *Owings et al.,* 3 Md. 178 ; *Preston* v. *Leighton,* 6 Md. 88. So it becomes merely an inquiry of fact as to whether a dif-

ferent and dissimilar case is brought up now. We have carefully read the record and have compared it with the former one brought here on the first appeal; and whilst there are some minor differences in matters of unimportant detail to be found here and there, the main, predominant and controlling facts are substantially unchanged. It would serve no useful purpose to go over them, and we content ourselves with stating the result of our examination of the facts. As the facts are not materially modified the law arising out of them is unchanged, if our former decision was right, but the question as to whether that decision was right or not is not now open for discussion; and consequently there is nothing left for us to do but to affirm the judgment.

Opinion by McSHERRY, C. J., filed February 24th, 1897.

*Wm. E. Walsh,* for the appellant. Submitted for the appellee on brief by *Benj. A. Richmond* and *D. James Blackiston.*

No. 8, January term, 1897. Recorded in Liber J. S. F., No. 2, etc., folio827, of "Opinions Unreported."