## SIDNEY E. WALZL *vs.* REBECCA L. KING.

*Res Judicata—After Decree for Specific Performance of Contract for Sale of Land No Action at Law for Damages.*

A decree was made directing the defendant to perform specifically a contract for the conveyance of certain land, and the defendant thereupon executed a deed and the purchaser paid the price as directed. The purchaser then made out an account charging the defendant with a certain sum for the use and occupation of the land from the time the original contract was made to the date of the conveyance under the decree, and assigned the account to the plaintiff, who brought this action to recover the same from the defendant. *Held,* that since in the suit for specific performance the Court had jurisdiction to determine all the rights of the parties, including any claim for damages the purchaser might have by reason of the vendor's refusal to perform the contract, the decree in that suit is a final adjudication of all these maters, and the plaintiff as assignee of the claim is thereby concluded.

*Decided June 23rd, 1910.*

Appeal from the Superior Court of Baltimore City (HAR-LAN, C. J.).

The cause was argued before BOYD, C. J., PEARCE, BURKE, THOMAS, PATTISON and URNER, JJ.

*Hyland P. Stewart,* for the appellant.

*Vernon Cook* and *J. Morfit Mullen,* for the appellee.

BURKE, J., delivered the opinion of the Court.

This is the plaintiff's appeal from a judgment entered in this case in favor of the defendant in the Superior Court of Baltimore City. The record discloses the following facts: The appellee on March 25th, 1907, was the owner and was in possession of certain lands and improvements situated in Mount Washington, in Baltimroe County, and on that date he entered into an agreement with Charles K. Abrahams to sell said lands and premises to him. The appellee refused to complete the contract, and Abrahams on the 27th of November, 1907, filed a bill of complaint in the Circuit Court for Baltimore County asking that the contract be specifically performed. The appellee answered the bill, denying the complainant's right to the relief prayed. A general replication was filed and testimony was taken, and the Court, after full hearing, on the 29th of January, 1909, passed an order dismissing the bill. From that order Abrahams took an appeal to this Court, and the decree of the lower Court was reversed and the cause remanded for further proceedings. *Abrahams v. King,* 111 Md. 104.

In conformity with that order the Circuit Court for Baltimore County on the 8th day of July, 1909, passed the following decree: "In pursuance of an order of the Court of Appeals of Maryland passed in the above entitled cause on June 30th, 1909, it is hereby ordered by the Circuit Court for Baltimore County, in equity, this 8th day of July, 1909,

that the decree heretofore passed in this cause, on the 29th day of January, 1909, dismissing the bill of complaint, be and the same is hereby rescinded, annulled and declared void. And in further pursuance of said order of the Court of Appeals, and in conformity with the opinion of said Court filed herewith, it is adjudged, ordered and decreed that the contract of March 25th, 1907, between the parties hereto, and filed in this cause, shall be specifically performed, and that the defendant, Rebecca L. King, shall forthwith bring into this Court a deed properly executed to pass title to the property in question in this case, exactly similar in terms and conditions to the unexecuted deed filed in this case as "Plaintiff's Exhibit Examiner No. 10;" with the exception however, that the description shall call to the south side of the twenty-foot alley on the north side of said property, with the use thereof in common, for the lots binding thereon. And it is further ordered that said defendant shall forthwith pay all the costs of these proceedings, including the costs in the Court of Appeals, and upon the payment thereof, and the delivery of said deed, properly executed to the Clerk of this Court for delivery to the plaintiff, which deed the Clerk of this Court will not deliver to the plaintiff until he has received from the plaintiff the sum of eleven thousand and seven hundred dollars ($11,700.00), the purchase money for said property, which when so received, the said clerk shall pay the same to the defendant, or her counsel of record in this cause. And it is further ordered that should the said defendant fail to pay and execute said deed, and deliver the same to the clerk for delivery to the plaintiff on or before the 15th day of July, 1909, that Hyland P. Stewart be and he is hereby appointed trustee with full power and authority to make and execute said deed in the name and on behalf of said Rebecca L. King, and to deliver the same to the clerk of this Court for delivery to the plaintiff upon payment of the purchase money aforesaid."

On July 14th, 1909, the Court amended its decree so that the deed which the defendant was required to execute should be so drawn as to reserve her rights to the bed of the twenty-foot alley on the north of the property and the bed of Elderslie avenue, and required the plaintiff to pay the taxes on the property from March 25th, 1907, the date of the contract; and required the plaintiff to pay to the Clerk of the Court the sum of eleven thousand, seven hundred dollars ($11,700.00), the purchase money for said property, on or before July 19th, 1909, out of which sum the Clerk was directed to pay all costs as provided in the above decrees, and to pay the balance to the defendant or her counsel. William E. Hoffman, upon receipt of the deed decreed to be executed by her, and she was required to execute and deliver said deed to the Clerk on or before July 19th, 1909, and in all other respects the decree of July 8th, 1909, should remain in force.

On July 16th, 1909, the appellee executed to Abrahams a deed for the property and delivered the same to the Clerk of the Court, as required by said orders or decrees, and she further complied in all other respects with the requirements of said decrees. Abrahams paid to the Clerk of the Court as directed the sum of eleven thousand, seven hundred dollars, and, after the payment of the costs required by the decrees of the Court to be paid, the balance of the purchase money was paid over to Mrs. King, and Abrahams received and accepted the deed from the Clerk of the Court. The deed was dated the 16th day of July, 1909, and was recorded among the Land Records of Baltimore County on July 19th, 1909.

On the 29th of July, 1909, Abrahams granted and conveyed the land and premises to Sidney E. Walzl, the appellant on this record, and on the same date executed and delivered to him the following paper: "For value received, I hereby assign all my right, title and interest in and to the above account, and all claims for rent of the above property to Sidney E. Walzl." The account referred to in this assignment is as follows:

ACCOUNT.

BALTIMORE, July 19th, 1909.

Mrs. Rebecca L. King,

To Charles K. Abrahams.  Dr.

1909—

July 19th—To 28 months of use and occupation of
stone cottage and appurtenances at Elderslie, Mt.
Washington, Baltimore County, Md., from March
25th, 1907, to July 25th, 1909, at $25.00 per
month..................................... $700.00

July 19th—To use and occupation of 8 acres of grass
land at Elderslie, Mt. Washington, Baltimore Coun-
ty, three seasons at $80.00 per season........... $240.00

                                                    ─────────
                                                    $940.00

On the 23rd of November, 1909, the appellant sued the
appellee in the Superior Court of Baltimore City. The dec-
laration contained ten counts. Six are the common counts,
the eighth declared upon a promissory note, and the ninth and
tenth upon overdue bills of exchange. The seventh count is
as follows: "And for that the said defendant was indebted
to one Charles K. Abrahams for the defendant's use and oc-
cupation of certain messuages, lands and tenements of the
said Abrahams, situate on Elderslie avenue between Green
Spring and Pimlico avenue in Mt. Washington, Baltimore
County, State of Maryland, with said Abrahams' permis-
sion; which claim against the defendant the said Charles K.
Abrahams duly assigned in writing to the plaintiff." He
filed with the declaration the account transcribed above. The
appellee filed a demand for a bill of particulars, and in re-
sponse thereto the plaintiff replied that the bill of particulars
is the same as the particulars set out in the account filed
with the declaration amounting to nine hundred and forty
dollars as therein itemized. The effect of the bill of particu-
lars was to confine the recovery to the claim therein stated.
The plaintiff could give no evidence of any other.

The appellee filed the general issue plea and a third plea which set out the facts connected with the suit for specific performance as we have stated them. The plaintiff demurred to this plea, and the Court overruled the demurrer. The plaintiff declined to reply, whereupon the Court entered a judgment for the defendant for costs.

It is to be observed first, that the appellee is the same person who was the defendant in the suit for the specific performance of the contract to which we have referred, and that the plaintiff's assignor, Charles K. Abrahams, was the plaintiff in that suit; and, secondly, that this suit is brought for the recovery of damages growing out of the breach of that contract. It further appears that the suit for specific performance was finally terminated under the decrees of the Circuit Court for Baltimore County before the assignment by Abrahams to the plaintiff. Under the facts stated in the third plea, it is clear that the plaintiff acquired no right against the appellee under the assignment of July 29th, 1909, and that that plea constituted a complete bar to this suit.

It is said in *Whitehurst* v. *Rogers*, 38 Md. 503, that the plea of *res adjudicata* is founded on the maxim, "that it is the interest of the State there should be an end to litigation," and "no man should be twice sued for the same cause." However numerous the questions involved in a suit, if they are tried and decided, the renewal of litigation for any one of the same causes violates these cardinal principles of public policy as much as if the suit presented but one single issue." It is no answer to say that the damages asked for in the second suit were not claimed or recovered in the former suit, if they were recoverable in that suit, because it is well settled that the principle extends not only to all grounds of recovery which might have been urged in the former suit, as well as to those which were in fact urged therein. The law requires the parties to bring forth their whole claim or defense. *Hill* v. *McConnell*, 106 Md. 574, and cases therein cited.

It is said in *State* v. *Brown,* etc., 64 Md. 199, that "where every objection urged in the second suit was open to the party within the legitimate scope of the pleadings in the first suit, and might have been presented in that trial, the matter must be considered as having passed *in rem judicatam,* and the former judgment in such a case is conclusive between the parties."

In the specific performance case the Court had jurisdiction to settle all the rights of the parties to the suit, including any damages the vendee may have sustained by the vendor's breach of the contract, and Abrahams and his assignee, the plaintiff in this suit, cannot again litigate any question or any claim which might have been urged in that suit. 1 *Pom. Eq. Juris.,* sec. 181, and cases cited in note; *The Insurance Company* v. *Ryland,* 69 Md. 437.

The appellant took the assignment of July 29th, 1909, after the suit for specific performance had been finally decided, and after the rights of the parties to that suit had been adjudicated by the decrees of July 8th and 14th, 1909. He is, therefore, concluded by those decrees. The general rule is stated in *Black on Judg.,* Vol. 2, sec. 549, as follows: "It is well settled that a judgment is conclusive not only upon those who were actual parties to the litigation, but also upon all persons who are in privity with them." And in 24 *A. & Eng. Ency. of Law,* 746, it is said: "Every person is privy to a judgment or decree who has succeeded to an estate or interest held by one who was a party to such judgment or decree, if the succession occurred after the bringing of the action."

*Judgment affirmed with costs.*