ANGELO N. AMABILE ET UX. *v.* JOSEPH I. WINKLES ET UX.

[No. 408, September Term, 1976.]

*Decided January 5, 1977.*

The cause was argued before THOMPSON, MOYLAN and LISS, JJ.

*Richard J. DiPasquale* for appellants.

*Charles E. Wehland,* with whom were *Ronald L. Spahn* and *Wehland & Spahn, P.A.* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

This case is before this Court for the second time. Our initial opinion is reported in *Amabile v. Winkles*, 24 Md. App. 292, 330 A. 2d 473 (1975). The case was also before the Court of Appeals, and that Court's opinion is reported in *Amabile v. Winkles*, 276 Md. 234, 347 A. 2d 212 (1975). Reference should be made to those two opinions for a more complete statement of facts than is necessary for this opinion.

In the original proceedings the chancellor found that the appellees, the Winkles, were entitled to a right-of-way across the land of the appellants and to an injunction requiring the appellants to remove all obstructions in the right-of-way as shown on a plat entitled "Podolàk Plat", which is reproduced as an appendix to the Court of Appeals' opinion, *Amabile, supra* at 245. On the initial appeal to this Court, the Amabiles, also the appellants in that case, complained that the two ends to the right-of-way were not connected. We noted that in his opinion the chancellor had stated that the Winkles were entitled to a right-of-way as shown not only on the Podolak Plat but on a second topographic plat made by Purdum and Jeschke December 19, 1967, also reproduced as an appendix to the Court of Appeals' opinion, *supra* at 246. We directed that the decree be modified to accord with the opinion of the chancellor in showing the rights-of-way delineated on both plats. The Court of Appeals in *Amabile v. Winkles, supra,* affirmed, as did we, the chancellor's findings in all other respects but stated:

> "From our examination of the plats we are not certain that the terminus of the right-of-way shown on the Podolak plat is the east side of the roadway shown on the topographic survey plat made by Purdum and Jeschke on December 19, 1967. Consequently, we are of the opinion that the interests of justice would be best served if we invoked Rule 871 a and remanded this case to the chancellor for the purpose of having him make any

amendment in his original decree he may find necessary to carry out the conclusions reached by him in his opinion." 276 Md. 234, 244, 347 A. 2d 212, 217-218.

At the hearing after remand the trial judge, quite properly, limited the issue before him to the determination of where the two rights-of-way, as shown on the respective plats, should join.[1] The only witness to testify for the appellees was Leon Podolak, the surveyor under whose supervision the original plat, which bears his name and is referred to above, was prepared. Through the witness a new plat was introduced showing the connection between the rights-of-way delineated on the two plats mentioned previously. The witness testified that he had extended the right-of-way 48.65 feet, thus confirming the Court of Appeals' fears that the rights-of-way on the two plats did

---

1. "Rule 871. Remand.

"a. For Further Proceedings.

"If it shall appear to this Court that the substantial merits of a case will not be determined by affirming, reversing or modifying the judgment from which the appeal was taken, or that the purposes of justice will be advanced by permitting further proceedings in the cause, either through amendment of the pleadings, introduction of additional evidence, making of additional parties, or otherwise, then this Court, instead of entering a final order affirming, reversing or modifying the judgment from which the appeal was taken, may order the case to be remanded to the appropriate court. Upon remand to the appropriate court, such further proceedings shall be had by amendment of the pleadings, introduction of additional evidence, making of additional parties, or otherwise, as may be necessary for determining the action upon its merits as if no appeal had been taken and the judgment from which the appeal was taken had not been entered; *provided, however, the order entered by this Court in remanding said case, and the opinion of this Court on which said order is passed, shall be conclusive as to the points finally decided thereby.* In such an order remanding a case, this Court will express the purpose for so remanding and in its opinion filed with said order will determine all questions which may have been properly presented." (Italics added).

*See also*: Fidelity Baltimore National Bank & Trust Co. v. John Hancock Mutual Life Ins. Co., 217 Md. 367, 371-72, 142 A. 2d 796, 798 (1958); Charles J. Cirelli & Sons, Inc. v. Harford County Council, 26 Md. App. 491, 338 A. 2d 400 (1975); Jacober v. High Hill Realty Co., Inc., 22 Md. App. 115, 321 A. 2d 838 (1974). *See* Md. Coal Co. v. Baker, 85 Md. 688, 689, 36 A. 768, 769 (1897), "If there are no material or substantial variations in facts set forth in the two records, a former decision is binding and not open to review."

not connect. He stated that he had drawn this in a straight line or in other words, in the shortest possible line to connect the two rights-of-way. He had not connected the two points in his previous survey because at that time the appellants, the Amabiles, had graded for the construction of an apartment house and had destroyed all physical marks by which the right-of-way may have been precisely located. He stated that he took the point of the center line where the right-of-way ended on his earlier plat and connected it with the center line of the road as shown on the Purdum and Jeschke plat in the shortest possible line.[2]

The appellant, Mr. Amabile, also testified and presented a plat he had prepared himself. Upon motion the plat was stricken from the evidence and no issue is raised on appeal concerning the correctness of this ruling. There was no other testimony produced at the hearing. At the conclusion of the hearing the chancellor stated that he accepted Mr. Podolak's determination of the location of the right-of-way and later signed a new decree which reiterated the decree previously rendered but included the surveyor's description of the center line of the right-of-way twelve feet in width running from the Winkles' property to Fells Lane.

In this appeal, appellants argue that the chancellor erred in permitting the void between the two rights-of-way to be filled in by simply connecting the two via the shortest route. As we pointed out in our prior opinion in these proceedings, 24 Md. App. at 304, the appellants are in no position to complain because they deliberately destroyed all existing evidence of the roadway after receiving notice of the appellees' claim. *Hanley v. Stulman,* 212 Md. 273, 129 A. 2d

---

2. The surveyor also testified that the right-of-way as delineated on the most recent plat was within three to twenty-five feet of where the various witnesses at the original trial had located the right-of-way. The appellants argue that this shows that the roadway was not properly located in the current proceedings. We disagree. Those witnesses' testimony was considered by the chancellor at the prior hearing and he determined that the right-of-way was as shown on the two plats. Under Rule 871 a as quoted in n. 1, the only issue before the chancellor in the present proceedings was to determine the proper connection between the rights-of-way as shown on the two plats. What other witnesses may have testified to at the prior hearing is of no consequence at this stage of the proceedings.

132 (1957). The Court of Appeals in its opinion disposed of the argument by saying:

> "The answer to these contentions of the Amabiles rests in a large degree upon the mandate of Maryland Rule 886 since the chancellor specifically found the action of the Amabiles 'in building structures on the rights-of-way ... was not the result of an innocent mistake,' and that they 'had constructive and actual notice of the existence of the rights-of-way in question across their property ... ,' in which finding he was not clearly in error." 276 Md. 234, 240, 347 A. 2d 212, 216.

On the evidence before the chancellor in the instant appeal, we must find that he was not clearly in error. Md. Rule 1086.

The appellants inject a new argument that they are unable to comply with the decree because they sold and conveyed the property to a third person after the suit was instituted. Even if this argument were properly before us, it would be disposed of by citing *Walzl v. King,* 113 Md. 550, 556, 77 A. 1117, 1119 (1910) which states the familiar rule that persons purchasing property subject to litigation are bound by the judgment as much as if they were actual parties to the litigation; the rule is sometimes called the doctrine of *lis pendens. See* 2 J. Pomeroy, *A Treatise on Equity Jurisprudence* § 632 (5th ed. S. Symons 1941).

In the remaining contentions the appellants seek to relitigate the question as to whether or not the chancellor should have balanced the equities and located the right-of-way in such a position as not to cause them to remove an apartment house which lies in its path. As we have indicated the Court of Appeals in the prior proceedings affirmed the findings of the chancellor that the appellants were not entitled to the balancing of the equities. We decline to consider the contentions further.

*Decree affirmed.*

*Appellants to pay the costs.*