LAWTON T. SHARP FARM, INC. *v.* C.
RAYMOND SOMERLOCK ET AL.

[No. 1681, September Term, 1981.]

*Decided July 13, 1982.*

The cause was argued before Lowe, J., Raymond G.
Thieme, Jr., Associate Judge of the Fifth Judicial Circuit,
and Hillary D. Caplan, Associate Judge of the District
Court of Maryland for District 1, specially assigned.

*James B. Dudley* for appellant.

No brief or appearance for appellees.

Lowe, J., delivered the opinion of the Court.

In this appeal from an order of the Circuit Court for Howard County, the appellant, Lawton T. Sharp Farm, Inc., was the opponent of a petition to permit a private aircraft landing strip in a residential section of Howard County. Since new zoning regulations were adopted during a comprehensive rezoning in 1977, such use has been permitted in Howard County as a special exception in residential and other zones.

In 1978, the petitioners applied for a special exception to operate the private airstrip on their property. The Office of Planning and Zoning recommended approval, the Planning Board recommended denial, and thereafter public hearings were held by the Board of Appeals. Following substantial testimony both for and against the petition, the Board visited the site of the proposed airstrip for an aerial demonstration. Two weeks later the Board reconvened to hear testimony solely about the demonstration.

One witness, Nancy Adams, testified that she purchased a 107-acre farm directly across Sharp Road from the Sharp Farm, and partially moved there in December, 1978, unaware of the petition for an airstrip or that a demonstration was scheduled to be conducted. She purchased the farm to train thoroughbred racehorses, mainly for Maryland tracks. Adams testified that on the morning of the demonstration, she had 15 horses in the lower pasture when a plane flew in over her barn, looking as if it "was going to crash into the hill." She said her horses are very high-strung animals and that they began going "crazy" in the field. She feared some might break through the fences, because they were running wildly through the fields trying to get away from the noise. She had 51 horses at that time, and some of them were with foal, including one which was insured for $100,000.00. Adams testified to having observed high-strung racehorses injure themselves when excited, and said she had never seen her horses as excited as they were

when the airplanes flew over during the take-offs and landings for the aerial demonstration.

After a lengthy review of testimony in the case, the Board recited numerous findings of fact and conclusions of law in a written order dated April 3, 1979, denying the petition. The essence of its findings and conclusions was that an aircraft landing strip was not an "accepted residential use," that it would interfere with the peaceful enjoyment of persons living in their homes, that it was not consistent with the purpose and intent of the Howard County Zoning Regulations, that it was not the most appropriate use of the land, and that it would not satisfy the reasonable needs of the community.

The petitioners appealed to the circuit court, which affirmed the Board on May 14, 1981. On August 24, the court struck its order in response to petitioners' motion to reconsider, and remanded the case to afford petitioners the right to rebut the testimony of Nancy Adams. Appellant (participating as an appellee below, along with the Howard County Board) then moved for and obtained a reconsideration of the reconsideration, which the court denied on December 11, 1981. In denying the motion, the court relied upon *Schultz v. Pritts,* 291 Md. 1, which had been decided on July 16, 1981.

Because petitioners had cross-examined Nancy Adams and had the opportunity to rebut but did not move to do so, Judge Fischer decided, based upon *Schultz,* that his original reasons for remanding were improper. Although he found that "due process" had not been violated under the *Schultz* rationale, he elected to remand for another reason which was also derived from *Schultz.*

The judge pointed out that the Court of Appeals had declared in that case a new standard of review of applications for special exceptions, which the Howard County Board of Appeals had not considered. The judge noted that although the Board had generally decided that an airstrip was not an acceptable residential use, that determination

was a legislative one which the County decided when it adopted § 122 F 1 of its zoning regulations, providing for private aircraft landing and storage areas in residential zones. See *Schultz, supra* at 21. Quoting the opinion, he pointed out that the new test was whether the proposed use would

> "have any adverse effects above and beyond those inherently associated with such a special exception use irrespective of its location within the zone." *Id.* at 22-23.

It was not permissible, he said, to deny the application for the reason that the landing strip was an annoyance or discomfort to its neighbors; only if the particular location of the use provided a particular adverse effect could the application be denied. In Judge Fischer's words:

> "What the Board of Appeals must consider is whether the use contemplated by the subject petition would have adverse effects other than those adverse effects that would be caused by the existence of an airport meeting the applicable standards in any other part of the R zone."

Although we agree with his interpretation of *Schultz,* we note that the new standard also gives a special emphasis to the testimony of Nancy Adams, which classically exemplified the *Schultz* criterion of a particular adverse effect. While the petitioners' opportunity to cross-examine her and rebut her testimony may have met the due process standard under the *Schultz* test, their decision not to rebut indicates that they did not comprehend the crucial significance of her testimony. Although we hold that the court did not abuse its discretion by granting a remand on reconsideration, Judge Fischer should clearly advise the Board to reopen its hearing and permit additional testimony from either side regarding the *Schultz* standard of review.

Appellant's contention that a remand is unwarranted because *Schultz* did not represent a change in the law is absurd. The case is a landmark interpretation which, if not

new, was the first light shed upon an obscure nuance. This court labored under a misapprehension in *Gowl v. Atlantic Richfield Co.,* 27 Md. App. 410 (1975), and it is apparent that the Board acted under the same erroneous standard, whether or not it cited *Gowl.* From its findings and conclusions, it is clear that the Board did not apply the *Schultz* test, and justice demands that it have the opportunity to apply the correct law to the facts it has heard, or may choose to hear, in that regard.

At oral argument, appellant also argued that Md. Ann. Code (1981 Repl. Vol.) Art. 25A (5) provides that a circuit court has *only* the

> "power to affirm the decision of the board, or if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for rehearing as justice may require."

From this provision appellant argues that Judge Fischer exceeded his authority by remanding without modifying or reversing. Even if we give credence to that hairsplitting argument, which was not set forth in appellant's brief, we find that the judge's authority is implicit, if not semantically explicit in the statute. In *Teays v. Supreme Concrete Block,* 51 Md. App. 166 (1982), we applied the time-honored principle that a litigant is entitled to the application of a change in law which has come about while he is enjoying his appellate privileges. When that change involves a function of the first level factfinder, the appellate court is not only empowered to remand for such factual findings and further consideration as are necessary, it is required to remand. Only by doing so can an appellant obtain the right to rely on the new law. *Teays, supra;* see also *Yorkdale v. Powell,* 237 Md. 121, 124 (1964).

Finally, we note that appellant asks us whether

> "[t]he petitioners failed to meet their statutory burden of proving the availability of the minimum

> 25 acres for the use and to designate the areas of use on a plan;"

and whether

> "[t]he circuit court erred in finding and stating that the Board of Appeals had found compliance with all of the requirements and standards when in fact it had not."

At the root of both of these questions is whether there was sufficient evidence in the record to show compliance.[1] This requires a careful review of the entire record. Appellant, however, has failed to provide us with an extract containing that record, Md. Rule 1028, and we, in turn, are unable and decline to respond to those issues. *Schwartzman v. Payne,* 203 Md. 256, 264-265 (1953).

> *Judgment affirmed.*
> *Costs to be paid by appellant.*

---

[1] If the record contains evidence of compliance with the minimum standards and requirements, it is irrelevant for our purposes whether the circuit court properly or improperly interpreted that holding as implicit in the Board's opinion.