508 A.2d 1005

**Donald FIOL et al.**

**v.**

**HOWARD COUNTY BOARD OF APPEALS, et al.**

**No. 1217, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

May 16, 1986.

596

James B. Dudley of Ellicott City, for appellants.

Thomas E. Lloyd (Lloyd, Kane & Wieder on brief for appellee, Somerlock, et al.), Ellicott City, Roger Lee Fink, Asst. County Solicitor, (Timothy E. Welsh, County Solicitor on brief for appellees, Howard County, and the Bd. of Appeals for Howard County), Ellicott City, for appellees.

Argued Before WEANT, BLOOM and ROBERT M. BELL, JJ.

BLOOM, Judge.

Donald Fiol, Doris Fiol, Lawton T. Sharp, Frances Sharp, Robert V.L. Sharp, Marvin Schaefer, Mary Alice Schaefer and Heather Johnson appealed from a judgment of the Circuit Court for Howard County, which affirmed the issuance by the Howard County Board of Appeals of a special exception use permit for the operation of a private aircraft landing strip and storage area on neighboring properties. We will reverse that judgment.

## FACTS

On September 21, 1973, the owners of eight contiguous parcels of land, located in a rural area of Howard County, executed a Declaration of Covenants which granted mutual easements in a strip of land 150 feet wide running through all of the lots for the purpose of creating a private airstrip. In August 1978, the owners of the eight lots petitioned for a special exception for a private airstrip on their land. Public hearings regarding the petition were held. On April 3, 1979, the Howard County Board of Appeals (hereinafter the Board) denied the special exception, having concluded, among other things, that the proposed use would adversely affect vicinal properties. On appeal by the petitioning property owners, the Circuit Court for Howard County initially affirmed the decision of the Board, but on motion to reconsider, the court remanded the case to the Board solely for the purpose of reconsideration in light of the standard for the grant of a special exception permit enunciated in *Schultz v. Pritts*, 291 Md. 1, 432 A.2d 1319 (1981). In doing so, the circuit court noted that the Board had denied the permit upon application of a different standard, which had been overruled in *Schultz*. On appeal we affirmed the remand, *Lawton T. Sharp Farm, Inc. v. Somerlock*, 52 Md.App. 207, 447 A.2d 500 (1982), and the Court of Appeals denied certiorari, 294 Md. 622 (1982).

While the appeal of the denial of the permit was pending, five of the eight lots for which the permit was sought were

sold. One of those lots was purchased by Mr. and Mrs. Schaefer, two of the appellants herein, from Richard J. Wirth, who had been one of the petitioners for the special exception. The Schaefers purchased the lot with actual knowledge of the Declaration of Covenants and pending litigation over the denial of the permit.

In June 1983 public hearings on the remand of the original application resumed. A letter from the Schaefers' attorney, requesting that they not be considered to be petitioners and that their 5.4 acre tract be deleted from the special exception petition and plan, was received in evidence. Mr. Schaefer later testified to the same effect.

On September 20, 1983, the Board, making no reference to the Schaefers' request to withdraw their property from the petition, granted the special exception permit subject to certain conditions. Several days later, the Board entered a modified decision and order. The principal effect of the modification was to provide for a "renewal" hearing in two years, at which time the permit would be renewed absent evidence of noncompliance with the required conditions.

Upon appeal to it, the circuit court affirmed the Board's decision and order. Appellants' motion to reconsider was denied, and this appeal followed.

### ISSUES

Appellants raise the following issues:

 I. May a chartered county adopt a standard for determining adverse effect upon which to deny a special exception permit which is more stringent than the standard in *Schultz v. Pritts?* If so, has Howard County adopted such a standard and was that standard applied in this case?

 II. Did the Board of Appeals err in not requiring the renewal of the permit in this case to be in accordance with the only renewal provisions in the zoning regulations?

III. Did the Board of Appeals err in not allowing the new owner of one of the eight lots upon which the permit was sought, to delete and withdraw his property from the pending plan and application?

I

· Appellants contend that a chartered county may adopt a standard for determining adverse effect which is more stringent than that set forth in *Schultz v. Pritts, supra.* Appellants further contend that Howard County had adopted a more stringent standard, and as a result the Board erred in applying the *Schultz* standard in granting the special exception permit.

█ . It is not necessary for us to reach the merits of appellants' argument. The doctrine of the law of the case mandates that the *Schultz* standard be applied to any review of the grant of the special exception permit in question. *Loveday v. State*, 296 Md. 226, 230, 462 A.2d 58 (1983).

Appellants, in an attempt to avoid the applicability of that doctrine, maintain that the issue of the standard established by the Howard County Code was not an issue before this court in the prior appeal of *Lawton T. Sharp Farm, Inc. v. Somerlock, supra.* Additionally, appellants contend that they were precluded from raising this issue in *Sharp* because they did not participate in that appeal. We find appellants' arguments to be specious. Appellants correctly assert that the question of whether Howard County had adopted a more stringent standard than that set forth in *Schultz* was not addressed in *Sharp*. This, however, resulted from the failure of the appellants in that case to raise the issue. The appropriate time for making this argument was on appeal from the circuit court's remand for reconsideration in light of *Schultz*. As it was not raised at that time, the law of the case doctrine prohibits us from addressing it here.

 Contrary to appellants' assertion, the applicability of the law of the case doctrine is not affected by the absence of the appellants as parties to the appeal in *Sharp*. Under the doctrine of *lis pendens* the current appellants-property owners stand in the shoes of their predecessors in interest. *Stockett v. Goodman*, 47 Md. 54 (1877). Successive purchasers need not be made parties to then pending litigation in order to be bound by it. *Id.* Therefore, the failure of the original appellants to raise the standard issue is binding on the current appellants.

## II

Appellants contend that the Board erred in providing for a renewal of the permit in two years without requiring compliance with § 121.B.5.(c) of the Howard County Zoning Regulations. We disagree.

Condition 10 of the Board's modified decision and order states:

10. That in two years a renewal hearing be held, pursuant to Section 121.B.5.(c) of the Howard County Zoning Regulations, to determine if the Petitioners are in compliance with the conditions imposed, as modified by this Decision and Order. Absent evidence of noncompliance with the conditions, the Board shall renew the special exception permit. The Petitioners in this case shall bear the cost of posting the subject property and advertising the renewal hearing.

Appellants aver that Condition 10 contravenes § 121.B.5.-(c) pertaining to renewals, which provides:

(c) Renewals

On an application for renewal of any such special exception authorized in this section, the Board of Appeals shall make all of the required findings as if the application were made for the initial term, in order to determine whether the circumstances warranting the original grant still exist. In addition, the Board of

Appeals shall ascertain whether the applicant has complied with the conditions and safeguards theretofore prescribed by the Board of Appeals during the prior term. In the event that the Board of Appeals shall find that the applicant has been in substantial violation thereof, it shall deny the application for renewal.

We think that appellants have misinterpreted Condition 10 of the modified decision and order. Condition 10 is not a renewal provision within the contemplation of § 121.B.5.(c). There are two special exception uses that are limited in duration by the Howard County zoning regulations: kennels, which are limited to a period of three years, § 122.-F.21; and sawmills, which are limited to two years, § 122.F.35. With respect to any use limited to a specified term of years, § 121.B.5.(b) requires the Board to establish a term of years, not to exceed the statutory maximum, upon issuing a special exception use permit. Those are the special exception renewals to which § 121.B.5.(c) refers.

■ Despite the terminology employed by the Board, Condition 10 attached to the private airstrip special exception granted to appellees is not a *renewal* provision requiring a new application. It is nothing more than a condition that there be a review at the end of two years to determine if the facility is being operated in accordance with all other conditions imposed by the Board. Unless some violation is found, the special exception will be "renewed," *i.e.*, continued, automatically. Such conditions are within the purview of § 122.E.1. of the Zoning Regulations, which authorizes the Board to "attach such conditions to the Special Exception as are necessary to assure continuous conformance to all applicable standards and requirements."

We hold, therefore, that the Board did not exceed its powers in imposing Condition 10, there being no conflict between that condition and § 121.b.5.(c).

### III

Appellants' third contention, that the Board erred in ignoring the Schaefers' request to withdraw their lot from

the then pending petition, is based upon § 122.F.1.(a)(1) of the Howard County Zoning Regulations, which provides, with respect to a special exception for an "aircraft landing and storage area (private)" as follows:

> (1) The minimum area shall be twenty-five acres. Petitions where the minimum area comprises more than one lot must contain all property owners as petitioners.

Appellants argue that when, for reasons outside the control of the Board of Appeals, a property owner in a pending application for a special exception seeks to withdraw his property from that application he must be allowed to do so. When the Schaefers withdrew themselves and their property from the petition for a special exception, appellants assert, the Board could not grant the special use permit because the application no longer complied with § 122.F.1.(a)(1).

The circuit court, relying on the doctrine of *lis pendens*, rejected appellants' contention below, and appellees rely upon that doctrine to defeat the contention here. We, however, deem the doctrine of *lis pendens* to be inapplicable to the issue before us.

It is a well-established rule (sometimes called the doctrine of *lis pendens*) that persons who purchase property subject to litigation are bound by the judgment as much as if they had been actual parties to the litigation. *Walzl v. King*, 113 Md. 550, 556, 77 A. 1117 (1910); *Stockett v. Goodman*, 47 Md. at 60; *Amabile v. Winkles*, 34 Md.App. 435, 439, 367 A.2d 58 (1977).

■ In addition to the contention it asserts in this appeal, appellants had argued below that, since only three of the original petitioners still owned lots subject to the petition and those who purchased lots from the other five original petitioners had not joined in the petition, there was a failure of compliance with § 122.F.1.(a)(1). *Lis pendens* was an appropriate response to that contention because, as explicated in *Walzl, Stockett* and *Amabile*, the purchasers did not

have to become actual parties to be bound by the decision in the litigation that was pending when they bought their properties; in effect, they stand in the shoes of their predecessors in title so far as the result of the pending litigation is concerned.

The argument concerning the Schaefers' withdrawal, however, is a somewhat different matter. The Schaefers stand in the shoes of Wirth, their predecessor in title, who had been one of the original petitioners; had they remained silent, their failure to join in the petition would have had no effect at all. But they did not remain silent; they actively disassociated themselves and their property from the then pending application for a special exception. Their action should be given the same effect as withdrawal by Wirth would be given if he were still the owner.

We need not decide whether an owner's voluntary withdrawal of himself and his property from the special exception petition would be a breach of the Declaration of Covenants executed by all of the original petitioners to create an easement for an airstrip across their respective tracts or, if so, what remedies for that breach would be available to the other owners. Those questions are not before us and were not before the Board or the circuit court.

■ It might be argued that § 122.F.1.(a)(1) merely requires that the owners of all of the lots necessarily included in the petition for a special exception join in the petition initially and that subsequent withdrawal of one or more of the owners would not affect the petition. We do not so interpret that section. The Board of Appeals does not grant special exception use permits *sua sponte*. Section 121.B.5. of the Zoning Regulations, conferring upon the Board power to approve special exceptions, clearly contemplates that the Board can proceed only upon an application (petition) for a special exception. If, at any stage in the proceedings, a sole applicant for a special exception for his own property were to withdraw his application (and we find nothing in the Howard County Code or Zoning Regulations

or in the Rules of Procedure of the Board of Appeals that would prevent him from doing so), there would be nothing further for the Board to act upon, and the proceedings would terminate. Here, the Board could grant a special exception for an area encompassing part of eight separate tracts only upon a joint application or petition of the owners of all eight tracts. When the owners of one of those parcels, the Schaefers, withdrew from the petition, the Board no longer had the statutory authority to grant the special exception.

■ Appellees assert that *res judicata* bars appellants from raising this issue in these proceedings because they unsuccessfully attempted to raise it in the prior appeal. Appellees misconstrue the question. In the prior appeal, appellants contended that the petitioners had "failed to meet their statutory burden of proving the availability of the minimum 25 acres for the use and to designate the areas of use on a plan." We rejected that contention because appellants had failed to include in their record extract the evidence we would have had to review to decide that issue. *Lawton v. Sharp Farm, Inc. v. Somerlock*, 52 Md.App. at 211–12, 447 A.2d 500. That is not the same issue presented here, which is the effect of withdrawal from the special exception petition by the owners of one of the lots included in the petition.

■ Finally, appellees contend that because the case was remanded to the Board for the sole purpose of reconsidering the effects on vicinal properties in the light of *Schultz v. Pritts, supra,* the Board had no authority to consider anything that did not relate to that limited purpose. We do not agree. The Board was required to act in a manner consistent with the court's mandate, but in doing so it was still required to act within its statutory authority.

We hold, therefore, that when the Schaefers removed their property and themselves from the petition, the Board was deprived of its authority to grant the special exception.

Consequently, the Board erred and the circuit court erred in affirming the Board.

*JUDGMENT REVERSED. CASE REMANDED WITH INSTRUCTIONS TO REVERSE THE ORDER OF THE BOARD OF APPEALS GRANTING A SPECIAL EXCEPTION TO APPELLEES.*

*COSTS TO BE PAID BY APPELLEES.*