520 A.2d 1096

## Lundy B. HOLBROOK

v.

## BOARD OF COUNTY COMMISSIONERS OF CECIL COUNTY.

**No. 616, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Feb. 6, 1987.
Certiorari Granted June 22, 1987.

James F. McAvoy, Elkton, for appellant.

Edwin B. Fockler, III, Elkton, for appellee.

Argued Before WILNER, KARWACKI, and POLLITT, JJ.

KARWACKI, Judge.

On September 9, 1985, Lundy B. Holbrook applied to the Cecil County Board of Appeals for a special exception permitting him to maintain a mobile home on a 2.8 acre parcel of land located on the east side of Turkey Point Road adjoining the Elk Neck State Forest. The Board denied the application and the Circuit Court for Cecil County affirmed the Board's action. This appeal then ensued.

The property in question is zoned agricultural (A–R) under the Cecil County Zoning Ordinance (1979, as amended through 1984). Section 5.03A. of the ordinance explains the purpose of this zoning classification:

The agricultural zone shall provide for agricultural, forestry, and other uses compatible with a rural environment, and protect these established uses from uncontrolled development which might depreciate the agricultural economy of the County. This zone is also intended to prevent premature urbanization in areas where public utilities, roads, and other public facilities are planned to meet rural needs only and where present public programs do not propose installation suitable for development at higher densities.

Detached single family dwellings located on at least one acre of land are a permitted use in this zone. § 5.03B.2. Mobile homes [1] are permitted by special exception when approved by the Board of Appeals. § 5.03E.12.[2]

---

**1.** Section 3.02 of the ordinance defines "Mobile Home" as:

A building unit constructed on a chassis for towing to the point of use and designed to be used without a permanent foundation for continuous year round occupancy as a residence. The removal of the unit from its chassis or the placing of the unit on a permanent foundation shall not be construed as a change in the character of the mobile home under this ordinance.

**2.** This special exception use is limited to "Mobile homes on existing lots not part of a mobile home subdivision or mobile home park; maximum one mobile home per lot...."

The concept of the special exception is expressly set forth in § 3.02 of the ordinance as:

A use that would not be appropriate generally or without restriction throughout the zone, but which, if controlled as to number, area, location or other factors would promote the general public health, safety, welfare, comfort, convenience, or appearance.

Section 7.07A. of the ordinance provides:

Special exceptions as defined in Article 3, may be granted by the Board of Appeals after considering all facts in the case, and the Board shall render a decision in accordance with the following principles:

1. Such use or any operations thereto will not be detrimental to or endanger the public health, safety, or general welfare.

2. The use will not be unduly injurious to the peaceful use and enjoyment of other property in the neighborhood, nor substantially diminish or impair property values in the neighborhood.

3. The establishment of the use will not impede the normal and orderly development and improvement of the surrounding property for uses permitted in the zone.

4. The use will not, with respect to existing development in the area and development permitted under existing zoning, overburden existing public facilities, including schools, police and fire protection, water and sewer, public road, storm drainage, and other public improvements.

5. The use shall not adversely affect critical natural areas or areas of ecological importance.

6. The use shall, in all other respects, conform to the applicable regulations of the zone in which it is located.

The evidence produced before the Board of Appeals was brief and substantially undisputed. The appellant's property is located in a sparsely developed rural area. It is bounded on two sides by a State forest, on one side by Turkey Point Road and its remaining boundary adjoins a 1.5 acre tract on which Mrs. Georgia Peters and her husband had completed a new residence in October of 1985. That home has been appraised at $147,000.

In July 1985, the appellant obtained a permit to move a mobile home onto his property for use in connection with the construction of a dwelling house which he planned to erect on this land.[3] His financial situation required him to abandon those plans, however, and he then filed the application at issue in the instant case for a special exception permitting him to make permanent use of the mobile home as his residence. The mobile home, which has dimensions of 12 feet by 65 feet, is set back 575 feet from Turkey Point Road. Because the appellant's lot is heavily wooded, the mobile home is not visible from the road. It is, however, visible from the home of Mr. and Mrs. Peters which is within 150 feet. They vigorously opposed the granting of the special exception at the hearing before the Board of Appeals. Mrs. Peters summarized her objections when she testified: "I have no objections for him to keep a trailer there while building a house. But I do object to a trailer being permanent adjacent to my property, because I feel it would be detrimental to the value of my home."

The Cecil County Planning Commission is charged under the ordinance with reviewing applications for special exceptions and making recommendations to the Board of Appeals with regard thereto. § 7.05F.3. The Commission, in a written report to the Board, recommended disapproval of the application in this case, "as the location of a mobile home on the parcel would be disrupting to property values,

---

**3.** The Cecil County Zoning Administrator is authorized by § 4.11 of the ordinance to issue such a temporary permit during construction of a permanent dwelling.

and establish a burden greater than that normally associated with similar uses in an Agricultural-Residential zone." Its written report did not set forth any evidence in support of this recommendation. Patrick Conway, the Zoning Administrator, who delivered the Planning Commission's recommendation, also testified before the Board. He noted that the Board of Appeals had granted special exceptions for the use of mobile homes on three separate properties located within one-half mile of the appellant's property.

At the conclusion of the hearing the Board of Appeals rendered a written opinion denying the appellant's application for the special exception use. It reasoned:

A Mrs. Peters, owner of the adjacent parcel, appeared in protest. She indicated that she presently owned 1.57 acres of land upon which she had constructed, in October, a $147,000 residence. She stated that the unit is from 80 to 150 feet away and is visible from her front yard. The effect of this visibility is borne out by Exhibits 1 through 6 [photographs of the appellant's mobile home] which were filed by the protestant and vividly indicate the dehabilitating effect of the mobile home on the value of her property.

Under the circumstances, and in accordance with the recommendation of the Planning Commission, the Board will deny the application on the grounds that it does otherwise substantially diminish adjacent property values and, under *Schultz v. Pritts*, creates significantly greater adverse effects in this location than were it located in other areas in the zone.

The appellant presents three questions for our determination:

1. Whether the court erred in upholding the denial of appellant's request for a special exception on the grounds that the use would have greater adverse effects in the proposed location than in other locations in the zone.

2. Whether the denial of appellant's request for a special exception was arbitrary, capricious and illegal in that it is not based on substantial evidence.

3. Whether a request for a special exception can be denied on the grounds that the value of an adjacent property would be impaired.

Because the issues are interrelated, we will address them collectively.

In *Schultz v. Pritts*, 291 Md. 1, 432 A.2d 1319 (1981) the Court of Appeals reviewed the applicable standard for judicial review of the grant or denial of a special exception use. The Court observed:

The special exception use is a part of the comprehensive zoning plan sharing the presumption that, as such, it is in the interest of the general welfare, and therefore, valid. The special exception use is a valid zoning mechanism that delegates to an administrative board a limited authority to allow enumerated uses which the legislature has determined to be permissible *absent any fact or circumstance negating the presumption.* The duties given the Board are to judge whether the *neighboring properties in the general neighborhood would be adversely affected* and whether the use in the particular case is in harmony with the general purpose and intent of the plan.

. . . . .

The extent of any harm or disturbance to the neighboring area and uses is, of course, material. If the evidence makes the question of harm or disturbance or the question of the disruption of the harmony of the comprehensive plan of zoning fairly debatable, the matter is one for the Board to decide. But if there is no probative evidence or harm or disturbance in light of the nature of the zone involved or of factors causing disharmony to the operation of the comprehensive plan, a denial of an application for a special exception use is arbitrary, capricious, and illegal. *Turner v. Hammond,* 270 Md. 41, 54–55, 310

A.2d 543, 550–51 (1973); *Rockville Fuel & Feed Co. v. Board of Appeals of Gaithersburg*, 257 Md. 183, 187–88, 262 A.2d 499, 502 (1970); *Montgomery County v. Merlands Club, Inc.*, 202 Md. 279, 287, 96 A.2d 261, 264 (1953); *Anderson v. Sawyer*, 23 Md.App. 612, 617, 329 A.2d 716, 720 (1974). These standards dictate that if a requested special exception use is properly determined to have an adverse effect upon neighboring properties in the general area, it must be denied.

291 Md. at 11–13, 432 A.2d 1319 (emphasis in original).

For a definition of the nature of the requisite adverse effect upon neighboring property required to justify denial of the special exception use, the Court referred to *Deen v. Baltimore Gas & Electric Co.*, 240 Md. 317, 330–31, 214 A.2d 146 (1965), and *Anderson v. Sawyer*, 23 Md.App. 612, 617–18, 329 A.2d 716 (1974), *cert. denied*, 274 Md. 725 (1975):

> These cases establish that a special exception use has an adverse effect and must be denied when it is determined from the facts and circumstances that the grant of the requested special exception use would result in an adverse effect upon adjoining and surrounding properties unique and different from the adverse effect that would otherwise result from the development of such a special exception use located anywhere within the zone. Thus, these cases establish that the appropriate standard to be used in determining whether a requested special exception use would have an adverse effect and, therefore, should be denied is whether there are facts and circumstances that show that the particular use proposed at the particular location proposed would have any adverse effects above and beyond those inherently associated with such a special exception use irrespective of its location within the zone.

291 Md. at 15, 432 A.2d 1319.

We have on two occasions addressed the *Schultz* analysis of proper judicial review of administrative action on a

special exception application. In *Gotach Center v. Bd. of County Comm'rs,* 60 Md.App. 477, 483 A.2d 786 (1984), we considered the denial of a special exception use for the operation of a private school in a residentially zoned area. The zoning ordinance before us in that case directed that before any special exception could be granted by the Board of Appeals, the Board must find that "The road system providing access to the proposed area is adequate to serve the site for the intended use." *Gotach Center v. Bd. of County Comm'rs, supra,* 60 Md.App. at 481, 483 A.2d 786. Evidence before the Board revealed that the principal access road serving the site of the proposed school was narrow and hazardous and that the traffic generated by the school could reasonably be expected to have a greater impact on the road system in that area than would be the case generally in areas similarly zoned. We affirmed the denial of the special exception, holding that evidence sufficient under the *Schultz* test to support the action of the Board. And in *Lawton T. Sharp Farm v. Somerlock,* 52 Md.App. 207, 447 A.2d 500, *cert. denied,* 294 Md. 622 (1982), we affirmed the trial court's remand of a case involving an application for a special exception use of land for a private airstrip so that the Board of Appeals could weigh the evidence in light of the *Schultz* test. There the unique adverse effect alleged to have been suffered by the owner of the farm adjoining the proposed airstrip resulted from the disruption of the thoroughbred racehorse training operation conducted on that farm.

With *Schultz* in mind we turn to the case *sub judice.* Pursuant to the grant of authority from the General Assembly, Md. Code (1957, 1983 Repl.Vol.), Article 66B, § 4.01 *et seq.,* the Board of County Commissioners of Cecil County has determined that within areas zoned A–R, a mobile home may be situated on land having a minimum size of one acre if such use is approved by the County's Board of Appeals. In considering whether to grant approval for such a special

exception, the County Commissioners, in their local legislative capacity, directed the Board of Appeals to be guided, in the exercise of the limited discretion delegated to it, by six enumerated principles. Cecil County Zoning Ordinance, *supra*, § 7.07. The Board, in considering the appellant's application for a special exception, focused on one of those principles, *i.e.:*

2.  The use will not be unduly injurious to the peaceful use and enjoyment of other property in the neighborhood, nor substantially diminish or impair property values in the neighborhood.

After reviewing the evidence before it, the Board concluded that the special exception use sought by the appellant would "substantially diminish adjacent property values and, under *Schultz v. Pritts*, create significantly greater adverse effects in this location than were it located in other areas in the zone."

There was undisputed evidence before the Board of Appeals that the value of the handsome residence of Mr. and Mrs. Peters might be diminished by the presence of a mobile home on an adjoining tract of land. Indeed, it could hardly be disputed that any fine residential structure would lessen in value if adjoined by a mobile home. But that is not the test to be applied to this adverse effect upon surrounding properties under *Schultz* when determining whether it justified a denial of a special exception. In *Anderson v. Sawyer, supra,* 23 Md.App. at 624–25, 329 A.2d 716, this Court evaluated similar evidence. There the Baltimore County Board of Appeals had denied a special exception for a funeral home in a residential zone. The denial was based in part on evidence that such use would have a depressing psychological effect on the adjoining properties making them less saleable and preventing their appreciation in value. The Circuit Court for Baltimore County reversed the Board and this Court affirmed. With regard to the alleged depreciation of value and enjoyment

of neighboring properties caused by the presence of a funeral home this Court reasoned:

There can be no doubt that an undertaking business has an inherent depressing and disturbing psychological effect which may adversely affect persons residing in the immediate neighborhood in the enjoyment of their homes and which may lessen the values thereof. Indeed, it is precisely because of such inherent deleterious effects that the action of a local legislature in prohibiting such uses in a given zone or zones will be regarded as promoting the general welfare and as constitutionally sound. *Jack Lewis, Inc., v. Mayor and City Council of Baltimore,* 164 Md. 146, 155–56, 164 A. 220, 224–25 (1933). But in the instant case the legislature of Baltimore County has determined that as part of its comprehensive plan funeral homes are to be allowed in residential zones notwithstanding their inherent deleterious effects. By defining a funeral home as an appropriate use by way of special exception, the legislature of Baltimore County has, in essence, declared that such uses, if they satisfy the other specific requirements of the ordinance, do promote the health, safety and general welfare of the community. As part of the comprehensive zoning plan this legislative declaration shares in a presumption of validity and correctness which the courts will honor. *Turner, supra,* at 270 Md. 54, 310 A.2d 550; *Rockville Fuel, supra,* at 257 Md. 187–88, 262 A.2d 502.

The presumption that the general welfare is promoted by allowing funeral homes in a residential use district, notwithstanding their inherent depressing effects, cannot be overcome unless there are strong and substantial existing facts or circumstances showing that the particularized proposed use has detrimental effects above and beyond the inherent ones ordinarily associated with such uses. Consequently, the bald allegation that a funeral home use is inherently psychologically depressing and adversely influences adjoining property values, as well as

other evidence which confirms that generally accepted conclusion, is insufficient to overcome the presumption that such a use promotes the general welfare of a local community. *Because there were neither facts nor valid reasons to support the conclusion that the grant of the requested special exception would adversely affect adjoining and surrounding properties in any way other than would result from the location of any funeral home in any residential zone, the evidence presented by the protestants was, in effect, no evidence at all.*

23 Md.App. at 624–25, 329 A.2d 716 (emphasis supplied).

In the case *sub judice* the legislative body of Cecil County has determined that a mobile home is permitted as a special exception use within an A–R zone, notwithstanding its lack of aesthetic appeal. Under *Schultz,* the proper test to be applied by the Board in determining whether to deny the special exception was whether evidence was presented which demonstrated that a mobile home on the appellant's land had any adverse effects on the neighboring properties above and beyond those inherently associated with such a special exception use irrespective of its location within the A–R zone. We hold that since there was no substantial evidence before the Board of Appeals to meet that test, its denial of the appellant's application was arbitrary, capricious, and illegal. Accordingly, we will reverse the decision of the Circuit Court for Cecil County with the direction that the case be remanded to the Board of Appeals of Cecil County for approval of the appellant's application for a special exception.

JUDGMENT REVERSED;

CASE REMANDED TO THE CIRCUIT COURT FOR CECIL COUNTY WITH DIRECTION.

COSTS TO BE PAID BY THE APPELLEE.