(Decided 6th February, 1880.)

GEORGE M. RUSSUM, Assignee, and others *vs.* JARVIS P. WANSER.

*Assignment of a Mortgage for the purpose of Collecting the Mortgage-Debt—Actual Notice by a Lessee of Land, of a Mortgage thereon Defective for want of an Affidavit, under Art. 24, sec. 29, of the Code.*

The holder of a mortgage assigned it to an attorney at law for the purpose of enforcing the collection of the mortgage debt, the assignment being made for and under the consideration and agree-

Russum, Assignee, *et al. vs.* Wanser.

ment on the part of the attorney, that he would pay a sum of money equal to the amount which should be audited to him, under the mortgage, from the proceeds of sale, the payment to be made in a reasonable time after the auditor's report should be ratified. On exceptions to the ratification of a sale by the assignee, it was HELD :

That this assignment was *bona fide;* and that the legal title was thereby passed to the assignee, and with it the power to sell under the mortgage. •

Where a party took a lease of property for three years from the assignee of the mortgagor thereof, which mortgage was defective for want of an affidavit to the consideration required by Art. 24, sec. 29, of the Code, but of which mortgage the lessee had actual notice when he accepted a lease of the property, and was in possession thereof, under his lease, at the time of its sale, on his objection to the right of the purchaser to the possession, it was HELD:

That the lessee took the land subject to the effect of the mortgage, and that the purchaser of the mortgaged property, under the decree of Court, acquired a title free from the terms of the lease, the same being void as against him.

APPEAL from the Circuit Court for Caroline County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., MILLER, ALVEY and IRVING, J.

*George M. Russum,* for the appellants.

*P. W. Downes, M. S. Mutchler and J. W. Bryant,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

The mortgage under which the sale in this case was made by the appellant Russum, was executed by Tread-

well Pearsall and wife, of Brooklyn, New York, on the
10th day of September, 1875, in favor of James Tomp-
kins, to secure the payment of Pearsall's bond for $5000.
The land described in the mortgage is situated in Caroline
County, Maryland.

It appears from the proof that the mortgage debt was
due to *Jose Gomez* then residing in the island of Cuba, for
whom Tompkins acted as agent.

The mortgage contained a power of sale; it was on the
28th day of May, 1877, with the assent and authority of
Gomez, assigned by Tompkins to John E. Stow, of Brook-
lyn, and by the latter, was on the 23rd day of February,
1878, assigned to the appellant, Russum, by whom the
mortgage property was sold. Objections to the ratifica-
tion of the sale were filed in the names of McGregor
Steele, assignee of Treadwell Pearsall and of Jarvis P.
Wanser, the latter claiming to be a creditor of Pearsall,
and interested in the mortgaged estate.

In the progress of the case, it appeared that the name
of McGregor Steele was used without his authority, and
his name was by the direction of his solicitors and the
order of the Court, stricken from the case.

Five exceptions were filed by Wanser to the ratifica-
tion of the sale, the first, second and third allege that the
mortgage and the several assignments thereof were made
without consideration and were fraudulent. The fourth
that the mortgage was defective for the want of an affi-
davit as required by Art. 24, sec. 29, of the Code.

The fifth alleged that he, Wanser, then held a lease of
the said property "which had not expired, which lease
was made by the direction and with the approval of Tread-
well Pearsall, and the said lessee at the time of accepting
said lease was informed that the said mortgage was exe-
cuted without any consideration, and was invalid, and the
mortgagor is in collusion with said Stow and the said
Russum, for the purpose of defeating the interest and estate
of said Jarvis P. Wanser acquired by the lease."

Russum, Assignee, *et al. vs.* Wanser.

Pending the objections to the sale, a commission was issued to take testimony; and Wanser being in possession of the property, a petition was filed on the 10th day of July 1878, by Russum and Stow the purchaser, alleging, among other things, the insolvency of Wanser, and praying for an injunction to prevent him from taking, selling, disposing of, or in any manner interfering with the valuable crop of peaches then growing on the land, and with the mortgaged premises; and for the appointment of a receiver to take charge of the property. Accompanying the petition were several "*exhibits*" not necessary to be here particularly noticed.

On the 15th day of July ensuing, the injunction was issued as prayed, and William Pennington was appointed receiver, who gave bond according to law.

On the 29th day of July following, an answer was filed by Wanser, in which the name of McGregor Steele, appears as respondent; this answer is not verified by oath. A motion was then entered for a dissolution of the injunction. Afterwards on the 4th day of September, an amended answer was filed by Wanser and sworn to; but it does not appear by the record that the leave of the Court was obtained to file such amended answer.

A great deal of testimony was taken under the commission, much of which it seems to us is not material to be considered in disposing of this appeal.

The proof shows that Treadwell Pearsall, the mortgagor, on the 18th day of December, 1875, executed an assignment, or deed of trust, of all his property to McGregor Steele, for the benefit of his creditors.

This deed was not recorded in Caroline County, Maryland, where the mortgaged property was situated. Afterwards, by deed dated the 18th day of January, 1876, Pearsall, for the consideration of one dollar, conveyed to McGregor Steele, assignee, &c., the land situated in Caroline County, Maryland, in fee simple. This deed was duly

acknowledged according to law, and was recorded in Caroline County.

On the 1st day of December, 1876, McGregor Steele, assignee, executed a lease of the same land, together with the stock, farm implements, &c., to Jarvis P. Wanser for the term of three years, counting from the first day of December, 1876. Wanser was in possession, under this lease, at the time of the sale of the mortgaged property.

The Circuit Court decided, that the lease of Steele to Wanser was valid, and the title of the latter thereunder was superior to the right of the purchaser under the sale made by the assignee of the mortgagee, and passed a decree dissolving the injunction, directing the receiver to pay over to Wanser the net proceeds of crops, &c., that have come to his hands, and to deliver up to Wanser the control of the real estate mentioned in the proceedings; and, while ratifying the sale, ordered that the land so sold, be held by the purchaser (John E. Stow) subject, nevertheless, to the terms of the lease from McGregor Steele to Jarvis P. Wanser.

From this decree the present appeal was taken.

There was no error in the ratification of the sale, as the exceptions thereto were not supported by the proof.

The evidence shows conclusively that the mortgage was executed in good faith and for the consideration therein stated, the debt which it was given to secure was due to Gomez, and the mortgagee, Tompkins, received and held the same for him, as his agent. It is also proved that the assignment to Stow was made *bona fide* and for a valuable consideration. As to the assignment by Stow to Russum, it appears that this was made for and upon the consideration and agreement, on the part of Russum, that he would pay " a sum of money equal to the amount which should be audited to him (Russum) under the mortgage, from the proceeds of sale, the payment of the same to be made in a reasonable time after the Auditor's report should be made and ratified."

It is contended by the appellee, that under this assignment, the power of sale did not pass to, and could not be legally exercised, by the assignee.   In our judgment, this objection is not well founded.   The object of the assignment was to enable Mr. Russum, an attorney at law, to proceed to enforce the collection of the mortgage debt; but the assignment for this purpose is not in violation of the law ; being made *bona fide* and for a lawful and valuable consideration, the legal title was thereby passed to the assignee, and with it the power to sell under the mortgage.

The sale having been properly ratified, the remaining question for our consideration is the validity and effect of the lease to *Wanser* and the rights of the lessee thereunder.

The title of Steele, the lessor, was derived from Pearsall, the mortgagor, he, therefore, acquired only the equitable estate subject to the mortgage, unless the mortgage be defective and he acquired his title *bona fide* and without notice of its existence.   It is clear, from the terms of the deed itself and the other testimony in the case, that the deed of December 1st, 1876, from Pearsall to Steele, was made in furtherance of the trust created by the assignment of December 18th, 1875, and intended to vest in the assignee the legal title to the land in Caroline County, which the original deed of trust had failed to do, the same not having been duly acknowledged and recorded according to law.   The title of Steele was as assignee in trust.

It further appears, from Wanser's testimony, that at the time he accepted the lease he knew the nature of Steele's title.   In his answer to the 2nd interrogatory he says, " Steele executed the lease as trustee of the estate of Treadwell Pearsall."   It is equally clear that under the assignment, Steele had no power or authority to make the lease.   The deed of trust empowered him to sell the prop-

erty, it contained no power to lease it, and it is settled by authority, that if the instrument had contained such a power, it would have been void as against creditors.

But without resting the decision upon this ground, or stopping to inquire whether Stow is a creditor of Pearsall, and entitled in that character to object to the lease for that reason, it seems to us that the right of the purchaser at the mortgage sale rests upon the plainest ground.

If the mortgage were in all respects a legal instrument, executed and recorded with the formalities required by the Code, no question whatever could arise as to the superior title of the mortgagee over that of a subsequent purchaser or lessee deriving his title from the mortgagor, and the purchaser's title would not be in any manner impaired or affected by the rights of a lessee thus acquired from the mortgagor.

In this case, however, the mortgage is defective for want of an affidavit by the mortgagor of the truth and *bona fides* of the consideration as required by the Code. (Art. 24, sec. 29.)

But it appears from the record, that Wanser had actual notice of the mortgage at the time he accepted the lease. In his answer he does not allege that he was ignorant of the mortgage, but places his defence upon its supposed invalidity for the want of a consideration.

In the 5*th exception* to the sale filed by him, he says that *at the time he accepted the lease*, he was informed that the mortgage was executed without any consideration and was invalid; his testimony is to the same effect.

He does not stand in the position of a purchaser without notice and cannot take advantage of the defect in the mortgage. That instrument was good in equity as against the mortgagor, and against any one subsequently acquiring title from the mortgagor with actual notice. *Philips' Ex'r vs. Pearson,* 27 *Md.,* 256; *Johnston vs. Canby,* 29 *Md.,* 211; *Dyson vs. Simmons,* 48 *Md.,* 207.

An effort has been made on the part of the appellee to prove that Stow, after the mortgage was assigned to him, ratified the lease, and accepted a deed from Steele subject thereto. A great deal of testimony was taken on this point, which is in some respects conflicting; we have examined it carefully and are of opinion that there was no ratification or recognition of the lease as valid by Stow.

It is alleged that this ratification of the lease was made by him in a deed of January 31st, 1878, accepted by him from Steele, whereby the property held by Steele as assignee was conveyed to him; and as alleged the conveyance therein of the property in Caroline County was made and accepted subject to the lease. This deed has not been produced, having been lost or destroyed, the same having been, as appears from the testimony, defective and ineffectual to convey the title. A subsequent deed duly acknowledged and recorded was made between the same parties on the 21st day of June, 1878, which contains no mention of Wanser's lease nor any recognition of its validity, and after the most careful consideration of the testimony, we think it fails to establish that by the previous deed of January 31st, 1878, the lease to Wanser had been ratified by Stow, or its validity recognized or admitted.

It follows from what has been said, that the decree of the Circuit Court in so far as it ratified and confirmed the sale made by the appellant is correct and ought to be affirmed; but that there is error in that part of the decree dissolving the injunction, and directing the receiver to pay over to Jarvis P. Wanser the net proceeds of crops, etc., that have come into his hands, and to deliver up to Wanser the control of the real estate in the proceedings mentioned—and the Circuit Court erred in decreeing that the land sold should be held by the purchaser, subject to the terms of the lease from McGregor Steele, assignee, to Wanser for the unexpired term of three years from the first day of December, 1867.

But a decree ought to be passed declaring said lease null and void as against the purchaser, so far as relates to the land therein described, making the injunction perpetual and directing the receiver to pay over to Stow the purchaser, the net proceeds of crops, etc., that have come into his hands.   And to the end that such decree may be passed, the decree appealed from, except in so far as it ratified the sale, will be reversed, and the cause remanded.

*Affirmed in part, and*
*reversed in part and*
*cause remanded.*

(Decided 6th February, 1880.)