MARY ANN BOULDIN, Wife of R. J. BOULDIN, by her next friend, JAMES McELROY *vs.* LUTHER M. REYNOLDS, and others.

*Mortgage—Féme Covert—Validity of Power of Sale given to a Féme covert mortgagee—Assignment of mortgage containing such power—Consideration—Bill by Féme covert to have Deeds set aside on the ground of Coercion.*

A féme covert mortgagee and her husband united in an assignment of the mortgage, under seal, acknowledged, and recorded as a deed. No money consideration was paid by the assignee, but the assignment was made for the purpose of enabling him to execute the power of sale, contained in the mortgage, and hold the mortgage and proceeds thereof,—after paying all outlays in that behalf, and fees for professional services,—in trust for the mortgagee. HELD:

1st. That even if by reason of the mortgage debt being the féme covert's separate estate, and the title, by way of mortgage, being in her, any difficulty could be supposed to exist in executing the power of sale without the conjunction of her husband, (as to which no opinion was expressed,) still this would not render the power void.

2nd. That in this case, by the regular assignment under seal, acknowledged, and recorded as a deed, the mortgage debt passed to the assignee, and with it, and as appendant to it, passed the power to sell in the event of default of payment of the mortgage debt or interest.

3rd. That there was no ground for holding that the assignee could not execute the power for want of interest in the debt.

4th. That, although, no consideration was stated in the assignment, the seal imported one, and sustained the paper as an assignment; and the testimony showed that the whole *title* was in him as trustee for the mortgagee; and it was apparent he had a direct personal interest besides in his compensation for services, and outlay in expenses as trustee in and about the business.

Bouldin *vs.* Reynolds, *et al.*

On a bill filed by a féme covert to set aside deeds made by her, on the ground of coercion, it was HELD:

That the Court would not be justified, upon her testimony alone, in setting aside a deed solemnly acknowledged, and long acquiesced in without a murmur, and without the slightest hint to the person with whom she had dealt for the space of seven years and more, that she had been coerced in the transaction, and that the title of the purchaser was not good by reason of it.

APPEAL from the Circuit Court of Baltimore City.

The case is partly stated in the opinion of the Court. The following assignment of mortgage is the one referred to in the opinion:

"For value received we hereby sell and assign unto Luther M. Reynolds, the within and aforegoing mortgage, dated April 21st, 1871, together with the promissory note therein mentioned, and referred to, which represents the mortgage debt.

"As witness our hands and seals, December 21st, 1876.
    "LOUISA J. BUTLER.        [Seal.]
    "THOMAS C. BUTLER.        [Seal.]
"Witness, GEORGE McCAFFREY."

No money consideration was paid by Reynolds for this assignment, but the same was made for the purpose of enabling him to execute the power of sale contained in the mortgage referred to, and to hold the mortgage and proceeds thereof, after paying all outlays in that behalf, and fees for professional services, in trust for the said Louisa J. Butler.

The cause was argued before BARTOL, C. J., GRASON, ALVEY and IRVING, J.

*Hutton L. Bouldin,* for the appellant.

*Bernard Carter,* for the appellees.

IRVING, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court of Baltimore City, affirming the validity of certain conveyances, which the appellant's bill sought to have set aside on the alleged ground that she was coerced into the several transactions by the overpowering will and threats of her husband.

On the twenty-eighth of September, eighteen hundred and sixty-nine the appellee, Mrs. Louisa J. Butler and her husband, executed to Randolph J. Bouldin in trust for his wife, a lease for a tract of land in Anne Arundel County, for ninety-nine years renewable forever, reserving to Mrs. Butler the yearly rent of two hundred and forty dollars. The consideration of three thousand dollars which is named in the lease was not paid in money, but was paid by the conveyance to Mrs. Butler, of a ground rent owned by the appellant issuing out of a lot on Gay street, in the City of Baltimore, amounting to one hundred and eighty dollars.

Upon the 21st of April, 1871, Butler and wife conveyed to the appellant, Mrs. Bouldin, the ground rent of two hundred and forty dollars on the farm in Anne Arundel County, which had been reserved when the lease was made of it to the appellant's husband. The consideration of this deed was stated in it to be four thousand dollars; but the real consideration was the conveyance by Mrs. Bouldin and her husband to Mrs. Butler of another ground rent, of Mrs. Bouldin, on a lot on Gay street of two hundred and thirty-four dollars, which was valued at $3800. Upon this ground rent rested a mortgage of two thousand dollars, of which eighteen hundred dollars remained due from Mrs. Bouldin to Mrs. M. J. Lyon, to whom Mrs. Bouldin had before that time mortgaged the property. This mortgage, Mrs. Butler in the transaction assumed to pay and according to the proof, afterwards did pay. Deducting this mortgage with which the ground rent was encum-

bered, Mrs. Bouldin still owed Mrs. Butler two thousand dollars of the consideration for the conveyance of the ground rent in the Anne Arundel farm. To secure this sum, Mrs. Bouldin, her husband uniting, executed a mortgage on the Anne Arundel farm. This mortgage gave Mrs. Butler and her heirs or assigns, the power of sale of the mortgaged premises in the event of any default in the payment of the mortgage debt or interest thereon, in accordance with the provisions of Article 64 of the Code of Public General Laws of this State. It also provided the terms of such sale if one should become necessary. The mortgage debt on the 21st of December, 1876, was assigned by Mrs. Butler and her husband to Luther M. Reynolds, in writing under seal, which was duly acknowledged and recorded as a deed.

The assignee, Reynolds, proceeded to execute the power and make the sale of the mortgaged premises, for default made; and this bill for injunction and to set aside these several deeds was filed. The Court below adjudged the mortgage to be upon the fee simple interest only, and subject to the leasehold interest of R. J. Bouldin in trust for his wife; but refused to set aside the deeds, and only enjoined the appellee, Reynolds, from selling the leasehold interest in the Anne Arundel property. Whether the mortgage covered the leasehold interest is not before us. No appeal is taken from that view of the Circuit Court by the appellees. The appellant complains because the deeds were not set aside upon her allegations and proof, and because the injunction was not made absolute as to the whole estate.

In respect to the last ground of complaint, it was contended by appellant's solicitor that the power of sale contained in the mortgage was void, because it was to a married woman, inasmuch as (it was contended,) she could not do what was required of her, as a trustee, by reason of disability under our statutes. We find nothing substantial in this objection to the validity of the power.

The authorities cited by the appellant's solicitor in support of his position, establish the doctrine, that a married woman may be a trustee, and also lay down the law, that if there be any statutory impediment to the discharge of the duties as a *féme sole,* that equity will aid the trust. *Perry on Trusts, sec.* 50; *Hill on Trustees, secs.* 48 *and* 75. The common law allowed a married woman to execute a power; and it is the law of this State by several decisions of this Court. *Schley, Ex'x, &c. vs. McCeney, Guardian, &c.,* 36 *Md.,* 266; *Nevin and Wife vs. Gillespie and others,* 56 *Md.,* 320. In the first cited of these cases this Court said, "In no case is the concurrence of the husband necessary to enable a *féme covert* to execute a power, unless made so by the power itself." If, by reason of the mortgage debt being Mrs. Butler's separate estate, and the title by way of mortgage being in her, any difficulty could be supposed to exist in executing the power without the conjunction of her husband, (which we do not mean to decide there is,) still it would not render the power void; and in this case by regular assignment under seal, acknowledged and recorded as a deed, the mortgage debt has passed to Luther M. Reynolds, and with it, and as appendant to it, under our decisions, has passed the power to sell, in the event of default in payment of the mortgage debt or interest. We are unable to distinguish this case from *Russum, Assignee vs. Wanser,* 53 *Md.,* 92, and therefore cannot sustain the contention of appellant's solicitor, that Luther M. Reynolds, as assignee, cannot execute the power for want of interest in the debt. No consideration is stated in the assignment, but the seal imports one, and sustains the paper as an assignment; and the testimony shows that the whole *title* is in him, as trustee for Mrs. Butler; and it is apparent he has a direct *personal* interest besides, in his compensation for services, and outlay in expenses as trustee in and about the business.

We fully concur with the learned Judge of the Circuit Court in his conclusion, that the appellant "has not made

such a case in the proof as ought to induce the Court to set aside the conveyances mentioned in the proceedings."

The bill, which is under oath of Mrs. Bouldin, alleges that she was coerced into the execution of the several deeds by the harshness and threats of her husband, which she could not resist; and strangely enough, in the same sentence she alleges imperfect knowledge of the transactions, and says, that if "the lease, deeds and mortgage had been explained to her or understood by her, she would have refused altogether to sign the said papers, even at the risk of her husband's displeasure;" thereby, in the bill itself, by necessary implication, asserting the power of resistance if she had chosen to exert it. Her case in' respect to the charge that she was coerced into the several transactions, rests entirely on her own testimony and on the testimony of her adopted daughter. The assault on the deed of the 28th of September, 1869, (the consideration for the lease simultaneously executed to R. J. Bouldin in trust for her,) is sought to be sustained by her testimony alone; for the daughter-in-law expressly confines her testimony to the deed of 1871. She was present, or in the adjoining room, when the deed of 1869 was executed, but she heard *no* threats on that occasion, nor in connection with that deed. So far as her testimony respecting that transaction goes, it tends to contradict Mrs. Bouldin. Upon the testimony of Mrs. Bouldin alone, the Court would not be justified in setting aside a paper so solemnly acknowledged, and so long acquiesced in, without a murmur, and without the slightest hint to the person with whom she had dealt for the space of seven years and more, that she had been coerced into the transaction, and that her title was not good by reason of it. With the addition of the testimony of the daughter-in-law, in respect to the deed of 1871, the case is not brought up to the standard of legal requirement, to justify the interference of the Court. We have in the testimony of both

Mrs. Bouldin and Mrs. Long (the daughter-in-law,) painful details of disagreeable conduct; but the only *threat* of which Mrs. Bouldin complained, and which she feared would be carried into execution, was the threat to leave her. This she said she feared because she was unable to support herself, having *nothing* independent of him. In this she is mistaken, for she admitted when she testified, that she owned the house in which she lived, and that she owned the ground rents on Gay street, which she conveyed away. These were abundant for her own support; and if her husband left her, he could not only be coerced into supporting their only child, but her also, if he were able to do so as she would have us suppose.

She says this fear, of her husband leaving her, continued until she filed this bill, when she no longer feared a want of support.

It is unnecessary for us to analyze the testimony further, and we forbear pursuing the disagreeable task of showing its insufficiency to support the allegations of the bill. It is enough for us to say, that it discloses, as we think, full knowledge on her part of the several transactions sought to be impeached; therefore, by her own confession, she ought to have declined to execute the papers, if she did not approve the transaction, as she had full power to do. She admits she had the full possession of her faculties all the while, and she does not appear to have been specially diseased or disabled, so as to tend to weaken them. She was a delicate woman. The testimony established nothing more. There is abundant testimony in the record which was not considered by the Court below, but was excluded *as if inadmissible,* and afterwards by decree formally excluded in deference to the exception taken; and which is really admissible under the issues, and which discloses acts of ownership and acquiescence, which would render it inequitable to hear and heed Mrs. Bouldin's present complaint; and which strongly tend to discredit the

testimony of the complainant in support of her case. It is needless however to particularize, for we do not rest our decision upon estoppel. It is proper however to say, that the bill does not allege, nor does it appear anywhere in the proof, that Mrs. Butler was in any way cognizant of the alleged ignorance of Mrs. Bouldin of the several transactions, or of the alleged coercion of the husband into them; nor does it appear that she was, after the execution of the deed of 1869 and before the deed of 1871, or ever afterward, till suit brought, in any way put upon guard or upon inquiry about it. She was absolutely innocent of any participation in the matter. R. J. Bouldin, husband of the appellant, was in no sense the agent of Mrs. Butler in procuring the execution of the deeds. Mrs. Bouldin got full value, so far as appears, for all her deeds, and we see no possible ground for disturbing them. As supporting the view we have taken we refer to *Whitridge vs. Barry,* 42 *Md.*, 153 ; *Central Bank vs. Copeland,* 18 *Md.*, 305 ; *First National Bank vs. Eccleston,* 48 *Md.*, 145 ; and *Linnenkemper vs. Kempton, page* 159 *of this volume.*

*Decree affirmed.*