650 A.2d 246

NATIONAL GLASS, INC.

v.

J.C. PENNEY PROPERTIES, INC.

No. 27, Sept. Term, 1994.

Court of Appeals of Maryland.

Dec. 7, 1994.

James E. Williams, Washington, DC (Jester and Williams, on brief), for appellant.

Carlton T. Obecny, Bethesda (Scott S. Braugh, Plano, TX, on brief), for appellee.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, CHASANOW, BELL and RAKER, JJ., and JOHN F. McAULIFFE, Judge of the Court of Appeals (retired), Specially Assigned.*

CHASANOW, Judge.

In the instant case we are called upon to determine whether Maryland Code (1974, 1988 Repl.Vol.), Real Property Article, § 9–113 voids a provision in a contract waiving the right to claim a mechanic's lien. The contract provided that construction work would be performed in Maryland and that the law of Pennsylvania, which permits a waiver of the right to claim a mechanic's lien, would govern the contract. For the reasons set forth below, we hold that the parties' contractual provision waiving the right to claim a mechanic's lien is unenforceable in Maryland.

## I.

This appeal arises out of an action filed by National Glass, Inc. (NGI), in the Circuit Court for Charles County against J.C. Penney Properties, Inc. (J.C. Penney) seeking to establish a mechanic's lien for work and materials furnished by NGI on a newly constructed J.C. Penney store. NGI, a Maryland corporation, entered into a subcontract with a general contractor, John R. Hess, Inc. (Hess), a Pennsylvania corporation, in connection with the construction of a new J.C. Penney department store, which was to be located at the St. Charles Towne Center in Charles County, Maryland.[1]

Pursuant to the subcontract with Hess, NGI agreed to provide specified labor, materials and supplies for the installation of glass, windows and doors for the store at a cost of $90,000. NGI completed the work and when full payment was

---

* McAULIFFE, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. Hess is currently a debtor in Chapter 7 bankruptcy protection.

not received, NGI filed a petition to establish a mechanic's lien in the amount of $56,579.00, which they claimed was still due under the subcontract.

A brief synopsis of the arguments in the circuit court relevant to this appeal is as follows:[2] J.C. Penney argued that the circuit court lacked jurisdiction to consider whether NGI was entitled to a mechanic's lien because the subcontract between NGI and Hess provided that all claims and disputes arising out of the subcontract were to be submitted to arbitration in Pennsylvania. J.C. Penney further contended that NGI, under the subcontract, waived its right to claim a mechanic's lien. That mechanic's lien waiver provision provided as follows:

"Subcontractor hereby waives and releases all liens or right of liens now existing or that may hereafter arise for any and all work or labor performed or material furnished under this Subcontract, upon said facility, or monies due or to become due to Contractor, and agrees to furnish a good and sufficient waiver of lien in proper form for filing from every person or entity furnishing labor or materials for this Project under Subcontractor."

NGI contended that Md.Code (1974, 1988 Repl.Vol.), Real Property Art., § 9–113, rendered any waiver of the right to claim a mechanic's lien void and thus, the waiver provision in the subcontract could not serve as a basis for dismissing NGI's petition to establish a mechanic's lien. In response, J.C. Penney asserted that Maryland law was not controlling because the parties chose Pennsylvania law to govern the interpretation and enforcement of the subcontract and Pennsylvania law permitted parties to waive the right to claim a mechanic's lien.[3] The circuit court dismissed NGI's petition

---

2. For a detailed explanation of the proceedings below, see *National Glass v. J.C. Penney*, 329 Md. 300, 619 A.2d 528 (1993).

3. *See* Pa.Stat.Ann. tit. 49, § 1401 (1965) (providing that "[a] contractor or subcontractor may waive his right to file a claim by a written instrument signed by him or by any conduct which operates equitably to estop such contractor or subcontractor from filing a claim").

for failure to state a claim upon which relief could be granted because the provision in the subcontract waiving the right to claim a mechanic's lien precluded NGI from obtaining a mechanic's lien but the court granted NGI leave to amend its petition. NGI filed a motion for reconsideration of the dismissal with leave to amend. That motion was denied and NGI then appealed to the Court of Special Appeals. Prior to the intermediate appellate court's consideration of this case we issued a writ of certiorari. After determining that the appeal was from an unappealable interlocutory order, we dismissed the appeal. *See National Glass v. J.C. Penney,* 329 Md. 300, 301, 619 A.2d 528, 528 (1993). Subsequent to our dismissal of the appeal, the circuit court entered an order dismissing NGI's petition with prejudice. The appeal from that final order is now before this Court.

## II.

This Court has stated that it is "generally accepted that the parties to a contract may agree as to the law which will govern their transaction, even as to issues going to the validity of the contract." *Kronovet v. Lipchin,* 288 Md. 30, 43, 415 A.2d 1096, 1104 (1980). We have also cited with approval and followed Restatement (Second) Conflict of Laws § 187(2) (1971), which adopts this general rule and sets forth the limitations on the parties' choice of law. *See Kronovet,* 288 Md. at 44, 415 A.2d at 1104–05. Restatement § 187(2) (Supp. 1989) provides:

"The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or

. (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a

materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties."

In *Kronovet*, the parties provided in a deed of trust that both the deed of trust and the rights and indebtedness secured by the deed of trust would "be construed and enforced according to the laws of the State of Maryland." *Kronovet*, 288 Md. at 37, 415 A.2d at 1100–01. Notwithstanding that contractual choice of law provision, appellants argued that Maryland law could not govern the dispute because Maryland did not have a substantial relationship to the contract. In rejecting that argument, this Court held that even assuming that New York law would apply absent the contractual choice of law provision, the parties' choice of Maryland law was proper under Restatement § 187(2) because the "transaction ... ha[d] sufficiently substantial contacts with Maryland to permit the parties effectively to have chosen Maryland law to apply * * * [and] decision of the ... issue under Maryland law would not be contrary to a fundamental policy of New York." *Kronovet*, 288 Md. at 46, 415 A.2d at 1105–06; *see also Finch v. Hughes Aircraft Co.*, 57 Md.App. 190, 231, 469 A.2d 867, 887 (1984) (enforcing the parties' choice of California law to control the interpretation of a license agreement in Maryland because "California ha[d] a substantial relationship to the parties ... and the application of California law [would] not offend any fundamental policy of the State of Maryland"), *cert. denied*, 469 U.S. 1215, 105 S.Ct. 1190, 84 L.Ed.2d 336 (1985).

■ Applying Restatement § 187(2) to the instant case, we shall assume that Pennsylvania has a substantial relationship to the parties and the transaction and that there was a reasonable basis to choose Pennsylvania law. *See* Restatement § 187(2)(a). We, nevertheless, hold that the waiver of mechanic's lien provision, albeit valid in Pennsylvania, still should not be enforced in Maryland. *See* Restatement § 187(2)(b).

■ We initially note that Maryland law would be applicable had the parties failed to include a choice of law provision in their contract. Generally, the law of the state where the real property is located governs the creation of a mechanic's lien. *See* 2 Joseph H. Beale, *A Treatise on the Conflict of Laws,* § 230.1, at 949 ("[a] mechanic's ... lien on a building is governed by the law of the state of location of the building on which work has been done or materials used"); *see also Nuclear Corporation of America v. Hale,* 355 F.Supp. 193, 196 (N.D.Tex.) ("[a] materialman's lien is a creature of the law of the state where the real property, benefited by the materials, is situated and that law governs the mode of its operation"), *aff'd,* 479 F.2d 1045 (5th Cir.1973). In fact, J.C. Penney concedes that "if the Subcontract in question did not expressly provide for a choice of law ... then the law of the state where the real property is located, Maryland, would govern the operation of mechanic's liens." Thus, because the law where the real property is located governs the operation of a mechanic's lien and the property that would be subject to a mechanic's lien in the instant case is located in Maryland, Maryland law would govern the present dispute absent the choice of law provision in the subcontract.

■ Applying Restatement § 187(2)(b), the parties' choice of Pennsylvania law to govern the subcontract will not be enforced if application of Pennsylvania law is contrary to a fundamental policy of Maryland. This Court has held that "merely because Maryland law is dissimilar to the law of another jurisdiction does not render the latter contrary to Maryland public policy and thus unenforceable in our courts. Rather, for another state's law to be unenforceable, there must be 'a strong public policy against its enforcement in Maryland.'" *Bethlehem Steel v. G.C. Zarnas & Co.,* 304 Md. 183, 189, 498 A.2d 605, 608 (1985) (quoting *Texaco v. Vanden Bosche,* 242 Md. 334, 340–41, 219 A.2d 80, 84 (1966)); *see also Harford Mutual Insurance Co. v. Bruchey,* 248 Md. 669, 674, 238 A.2d 115, 118 (1968). Therefore, we must determine whether Maryland's prohibition against the waiver of the right to claim a mechanic's lien evidences a strong public policy.

*Bethlehem Steel* is analogous to the present case. In that case, we were required to determine whether Maryland's statutory prohibition against clauses in construction contracts providing for indemnity against the promisee's sole negligence evidenced a sufficiently strong public policy to prevent the application of Pennsylvania law which would have permitted such a provision. The Maryland statute at issue in *Bethlehem Steel* provided:

> "A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relating to the construction, alteration, repair, or maintenance of a building ... purporting to indemnify the promisee against liability for damages arising out of bodily injury to any person or damage to property caused by or resulting from the sole negligence of the promisee or indemnity, his agents or employees, is *against public policy and is void and unenforceable.*" (Emphasis omitted).

304 Md. at 187, 498 A.2d at 607 (citing Md.Code (1974, 1984 Repl.Vol.), Courts and Judicial Proceedings Art., § 5–305). In determining whether the statute evidenced a strong public policy, we noted that the legislature "has unequivocally told the Maryland judiciary that such a clause 'is void and unenforceable' ... [and] the General Assembly expressly stated that such indemnity provision 'is against public policy.'" *Bethlehem Steel,* 304 Md. at 190, 498 A.2d at 608 (citation omitted). Thus, we concluded that the legislature's "explicit determination of public policy is sufficient ... to override the *lex loci contractus* principle." [4] *Id.*

Our mechanic's lien law, set forth in Md.Code (1974, 1988

---

**4.** The *lex loci contractus* principle requires a strong public policy to override application of the law of the place of making of the contract. Restatement (Second) Conflict of Laws § 187(2)(b) (1971, Supp.1989) also requires a strong public policy to override application of the parties' choice of law. Thus, a determination of whether a contractual provision violates a strong public policy to override either the *lex loci contractus* principle or the parties' choice of law is analogous.

Repl.Vol.), Real Property Art., §§ 9–101 *et seq.*,[5] provides that any contractual provision attempting to waive the right to claim a mechanic's lien is void. Section 9–113 of the Real Property Article, as it existed at the time of the dispute in question, provided:

"(a) *In general.*—An executory contract between a contractor and any subcontractor that is related to construction, alteration, or repair of a building, structure, or improvement *may not waive or require the subcontractor to waive the right to:*

(1) *Claim a mechanic's lien;* or

(2) Sue on a contractor's bond.

(b) *Provisions void.*—Any waiver provision of a contract made in violation of this section is *void.*" (Emphasis added).

Section 9–113 was subsequently amended by the legislature in 1994.[6] The amended § 9–113 reads:

"(a) *In general.*—An executory contract between a contractor and any subcontractor that is related to construction, alteration, or repair of a building, structure, or improvement may not waive or require the subcontractor to waive the right to:

(1) Claim a mechanic's lien; or

(2) Sue on a contractor's bond.  * * * *

(c) *Void provisions.*—Any provision of a contract made in violation of this section is *void as against the public policy of this State.*" (Emphasis added).

Thus, this amended statute provides clear legislative indication that any provision attempting to waive the right to a mechanic's lien is void "as against the public policy" of Maryland. The amendment to § 9–113 is not a substantive change, but is merely a clarification as to why a provision waiving the right

---

**5.** Unless otherwise specified, all references to §§ 9–101 *et seq.* are to Maryland Code (1974, 1988 Repl.Vol.), Real Property Article.

**6.** The amendments to § 9–113 went into effect on October 1, 1994.

to claim a mechanic's lien is void and unenforceable. As this Court stated in *Bethlehem Steel:*

> "[T]his is not a situation where Maryland law is simply different from the law of another jurisdiction. Here, the General Assembly of Maryland has specifically addressed [the contract clause in question] and has unequivocally told the Maryland judiciary that such a clause is 'void and unenforceable.' Moreover, ... the General Assembly expressly stated that such ... provision 'is against public policy.' "

304 Md. at 190, 498 A.2d at 608 (citing Md.Code (1974, 1984 Repl.Vol.), Courts and Judicial Proceedings Art., § 5–305). The Maryland General Assembly has unequivocally told the Maryland judiciary that a contractual provision waiving the right to claim a mechanic's lien is void as against public policy. In accord with this Court's holding in *Bethlehem Steel,* § 9–113 evidences Maryland's strong public policy prohibiting the waiver of the right to claim a mechanic's lien. Thus, application of Pennsylvania law to the instant case, which permits the waiver of the right to claim a mechanic's lien, would violate a fundamental policy of Maryland.

The only remaining inquiry under Restatement § 187(2)(b) in determining whether the parties' choice of Pennsylvania law may be applied in Maryland is whether Maryland has a materially greater interest in the determination of the issue than Pennsylvania. In the instant case, it is clear that Maryland has a materially greater interest in the determination of this issue than Pennsylvania. The central issue in the instant case focuses on whether a contractual provision waiving the right to claim a mechanic's lien on Maryland property for work performed in Maryland can be enforced in Maryland. In addition, the party to be protected by the mechanic's lien is a Maryland corporation which has furnished services on the property located in Maryland. In contrast, Pennsylvania's sole interest in the determination of the issue in the instant case is that the general contractor, Hess, who is not even a party to this action, is incorporated

and located in Pennsylvania.[7]  The Maryland statute's purpose is the protection of materialmen.  *See Riley v. Abrams,* 287 Md. 348, 357, 412 A.2d 996, 1000 (1980); *Reisterstown Lumber Co. v. Reeder,* 224 Md. 499, 507, 168 A.2d 385, 389 (1961). Thus, because Maryland has a strong public policy protecting subcontractors against contractual provisions waiving the right to claim a mechanic's lien and because the property on which the Maryland subcontractor seeks to establish a mechanic's lien is located in Maryland, it is evident that Maryland's interest in the determination of the issues in the present case is materially greater than that of Pennsylvania.

In conclusion, we hold that because the parties' choice of Pennsylvania law fails to meet the requisites of Restatement § 187(2)(b), Pennsylvania law cannot be applied to resolve the dispute in the instant case.  Thus, the contractual provision waiving the right to claim a mechanic's lien is unenforceable in Maryland.

### III.

In holding that the trial court should not have dismissed NGI's petition to establish a mechanic's lien, we need not determine whether, after remand, the proper course of action would be to stay the show cause hearing if a petition for a stay pending arbitration is filed.  The contract between Hess and NGI contains an arbitration clause, but J.C. Penney is not a party to that contract.  We also note that under our mechanic's lien law, should a petition for a mechanic's lien be stayed pending arbitration, NGI will be protected to the extent that the filing of the lien petition will serve as notice to subsequent purchasers "of the possibility of a lien being perfected."  *See* § 9–102(e); *see also In re Ian Homes, Inc.,* 126 B.R. 933, 934–35 (Bankr.D.Md.1991).

---

7.  Given that the parties have produced no conclusive evidence establishing in which state the contract in question was formed, it cannot be said that Pennsylvania has an interest based on the fact that the contract was formed in that state.

IV.

Because the parties' choice of Pennsylvania law cannot validate the prohibited provision waiving the right to file a mechanic's lien, the trial court's dismissal of NGI's petition was in error.

*JUDGMENT OF THE CIRCUIT COURT FOR CHARLES COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE J.C. PENNEY PROPERTIES, INC.*