656 A.2d 369

**IA CONSTRUCTION CORPORATION**

v.

**Robert E. CARNEY, Jr.**

**No. 830, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

April 5, 1995.

Michael J. Wilson (Laws, Staruch & Pisarcik, on the brief), Lemoyne, PA, for appellant.

David M. Meadows (Moore, Carney, Ryan and Lattanzi, on the brief), Baltimore, for appellee.

Argued before BLOOM, HARRELL and HOLLANDER, JJ.

HARRELL, Judge.

Appellant, IA Construction Corporation, appeals from a summary judgment entered in the Circuit Court for Harford County (Whitfill, J.) in favor of appellee, Robert E. Carney, Jr., dismissing appellant's action to establish and enforce a mechanics' lien against property purchased by appellee under

a power of sale in the mortgage. Appellant noted a timely appeal to this Court.

## ISSUES[1]

I. Whether the circuit court erred as a matter of law in granting summary judgment in favor of Carney.

   A. Whether a mortgage foreclosure sale and purchase held after a period in which lienable work was performed and after the date a mechanics' lien petition was filed, but before the establishment of a final lien, pursuant to the *Maryland Mechanics' Lien Law*, extinguishes a lien claimant's right to establish and enforce a lien upon the foreclosed property when the lien claimant has alleged in the action that the foreclosing purchaser mortgagee also owned or controlled the prior mortgagor owner and knew of the mortgagor owner's inability to pay for the lienable work when the contracts for the work were made between the mortgagor owner and the lien claimant.

   B. Whether a foreclosing mortgagee purchaser at a foreclosure sale cannot be a bona fide purchaser for value under any circumstances, pursuant to the Maryland Mechanics' Lien Law, when the purchase is made after a petition to establish and enforce a mechanics' lien has been filed concerning the property foreclosed and naming the mortgagee purchaser as a respondent in the action.

   C. Whether a foreclosing mortgagee purchaser is a bona fide purchaser for value of residential lots sought to be liened, pursuant to the Maryland Mechanics' Lien Law, when the lien claimant has alleged in a mechanics' lien petition filed prior to the purchase by the mortgagee at the foreclosure sale that the mortgagee purchaser owned or controlled the prior mortgagor owner of the lots and knew of the mortgagor owner's inability to pay

---

**1.** Although appellee included in his brief a motion to dismiss this appeal, that motion was withdrawn at oral argument.

for the lienable work when the contracts for the work were made by the mortgagor owner with the lien claimant.

II.  Whether the filing of a mechanics' lien action constitutes lis pendens with respect to the property sought to be liened and foreclosed upon subsequent to the filing of the action by a mortgagee who was a named party to the action.

## FACTS

Birchwood Manor is a residential subdivision development in Harford County, Maryland, containing sixty-five residential lots on what was two tracts of land. The first tract (the "large tract"), contains lots designated numerically as Lots 1 through 58. The second tract (the "small tract") contains lots designated numerically as Lots 59 through 65. The large tract was apparently purchased outright from third parties, although in smaller parcels, by Birchwood Manor, Inc. (Birchwood). The small tract was purchased by appellee from third parties and subsequently transferred by deed to Birchwood, whereupon Birchwood granted appellee a mortgage, which was duly recorded on 28 June 1989.[2] Three of the seven lots on the small tract (specifically Lots 59, 61, and 62) are the subject of this appeal.

In 1992, appellant entered into two construction contracts with Birchwood, dated 9 July 1992 and 20 October 1992 respectively, to repair preexisting subdivision streets with bituminous concrete and to install new curbs and gutters. Appellant, with the aid of a subcontractor, commenced work in October 1992, and completed the work under both contracts on 30 November 1992. When appellant failed to receive payment from Birchwood in the amount of $27,269 for the work performed, it filed a Petition to Establish and Enforce Mechanics'

2.  A second mortgage on the small tract, dated 22 September 1988 and duly recorded, was granted from Birchwood to Hanks Contracting, Inc. (Hanks). That mortgage was subsequently assigned by Hanks to appellee and duly recorded. The assignment was dated 17 March 1989.

Lien in the Circuit Court for Harford County on 24 May 1993.[3] Appellee was listed as a respondent in this action. He was served with process on 14 June 1993.

On 22 June 1993, appellee declared Birchwood in default of both the first and second mortgages and, pursuant to the power of sale contained therein, initiated foreclosure proceedings in the circuit court. Notice of the foreclosure sale was sent to appellant on 28 June 1993 pursuant to Md.Rule W74a2(c). Meanwhile, in the mechanics' lien matter, appellee filed an Answer on 16 July. No mention was made in his Answer of the foreclosure suit that he had filed on 22 June 1993.

A foreclosure sale was held on 9 July 1993 for Lots 59, 61, and 62. Appellee bid in $26,000 and became the contract purchaser of the subject properties.

On 21 July 1993, the circuit court held a show cause hearing on appellant's petition to establish a mechanics' lien, at which appellant was ordered by the court to add another party (who is not a party to the instant case) to the petition. On 9 August 1993, after an amended petition was filed, the circuit court granted an interlocutory lien on the small tract.

The foreclosure sale was ratified by the circuit court on 8 September 1993. On 14 September 1993 appellee filed a motion for summary judgment, claiming that, because the foreclosure sale was ratified by the circuit court, appellant's petition to establish a mechanics' lien, as well as the interlocutory lien, must be dismissed. Appellant filed an opposition to appellee's summary judgment motion as well as a cross-motion for summary judgment, arguing that appellee was not a bona fide purchaser for value at the foreclosure sale and therefore the subject lots are lienable.

---

3. Appellant concedes in its brief that only Lots 59, 61, and 62 are sought to be liened. The ownership of the other four lots on the small tract (specifically Lots 60, 63, 64, and 65) apparently were transferred to third parties prior to the commencement of this action.

After a hearing on the summary judgment motions on 13 October 1993, the circuit court granted appellee's summary judgment and struck the interlocutory lien. The court found: 1) appellee's knowledge as a lender was not a relevant factor; 2) appellee was entitled to foreclose if Birchwood was in default; 3) the foreclosure was conceded to be valid; 4) the foreclosure occurred after all the work had been completed by appellant; and 5) the foreclosure extinguished appellant's right to establish a mechanics' lien.

## STANDARD OF REVIEW

The standard of appellate review of a trial court's grant of a motion for summary judgment is whether the trial court was "legally correct." *Heat & Power Corp. v. Air Prods. & Chems., Inc.,* 320 Md. 584, 591, 578 A.2d 1202 (1990). When making a determination on summary judgment, a trial court makes no findings of fact. *King v. Bankerd,* 303 Md. 98, 111, 492 A.2d 608 (1985). Rather, the court decides whether a genuine issue of material fact exists to prevent the entry of summary judgment. *Beatty v. Trailmaster Prods., Inc.,* 330 Md. 726, 737, 625 A.2d 1005 (1993); *see also Bond v. NIBCO, Inc.,* 96 Md.App. 127, 135, 623 A.2d 731 (1993); Md.Rule 2–501(e). Under this standard, therefore, we review the trial court's ruling as a matter of law. *Beatty,* 330 Md. at 737, 625 A.2d 1005.

## DISCUSSION

### I.

### A, B & C

As sub-issues A, B, and C concern appellee's status as a bona fide purchaser for value at the foreclosure sale, we shall address them together to facilitate our discussion.

Appellant contends that a mortgage foreclosure sale held after a period in which lienable work was performed, and after a petition to establish a mechanics' lien has been filed, but before the establishment of a final lien, does not extin-

guish the lien claimant's right to establish and enforce a mechanics' lien on the foreclosed property.[4] Specifically, appellant argues that appellee, the mortgagee/purchaser at the foreclosure sale, was not a bona fide purchaser for value and therefore takes the property subject to the outcome of appellant's mechanics' lien action.

Section 9–102(b) of Maryland's Real Property Article, the pertinent section of the mechanics' lien statute, provides, in relevant part, that "[i]f the owner of land or the owner's agent contracts for the installation of ... storm drains ... or streets to service all lots in a development of the owner's land, each lot and its improvements, if any, are subject, on a basis pro rata to the number of lots being developed, to the establishment of a lien ... for all debts for work and material in connection with the installation."[5] Md.Code Ann., Real Prop. § 9–102(b) (1988 Replacement Volume). Subsections 9–102(d) and 9–102(e) of the Real Property Article provide:

(d) *Exemptions.*—However, a building or the land on which the building is erected may not be subjected to a lien under this subtitle if, prior to the establishment of a lien in accordance with this subtitle, legal title has been granted to a bona fide purchaser for value.

(e) *Filing of petition constitutes notice to purchaser.*— The filing of a petition under § 9–105 shall constitute notice to a purchaser of the possibility of a lien being perfected under this subtitle.

---

4. Appellant does not seek, by way of this appeal, to claim a right to establish its place in line to claim any part of the proceeds of the foreclosure sale. Instead, appellant contends only that its *right* to establish a mechanics' lien against the foreclosed property has continued vitality after the foreclosure sale. Therefore, whether there was a surplus or deficiency after application of the proceeds of the foreclosure sale to the first and second mortgages is irrelevant to our discussion.

5. Although § 9–102(b) refers only to the *installation* of streets, and not to the repair of preexisting subdivision streets, as in the case *sub judice,* this issue was not raised by either party and, consequently will not be addressed in this opinion.

*Id.* § 9–102(d), (e). Appellant suggests that these two subsections, read *in pari materia,* "logically imply" that appellee, as mortgagee/purchaser at the foreclosure sale, must have been a bona fide purchaser for value in order to take title to the property free and clear of the mechanics' lien action. *Id.* § 9–102(d).

Appellee, on the other hand, argues that section 7–105(a) of the Real Property Article is dispositive of this issue. *Id.* § 7–105(a). That section provides:

A provision may be inserted in a mortgage or deed of trust authorizing any natural person named in the instrument, including the secured party, to sell the property or declaring the borrower's assent to the passing of a decree for the sale of the property, on default in a condition on which the mortgage or deed of trust provides that a sale may be made. A sale made pursuant to this section or to the Maryland Rules, after final ratification by the court and grant of the property to the purchaser on payment of the purchase money, has the same effect as if the sale and grant were made under decree between the proper parties in relation to the mortgage or deed of trust and in the usual course of the court, and operates to pass all title which the borrower had in the property at the time of the recording of the mortgage or deed of trust.

*Id.* Relying on *Southern Md. Oil, Inc. v. Kaminetz,* 260 Md. 443, 272 A.2d 641 (1971), appellee suggests that section 7–105(a) operates to extinguish appellant's right to establish a mechanics' lien after final ratification of a foreclosure sale to the mortgagee.

In *Southern Md. Oil,* Southern Maryland Oil, Inc. (Southern) entered into a Lease and Agreement dated 23 March 1963 with Harry S. Lancaster and Mary A. Lancaster (Lancasters) which provided, *inter alia,* that Southern "shall have the first right of refusal to purchase [the demised premises] at the price and on the terms and conditions which the lessors have elected to sell." *Id.* at 446, 272 A.2d 641. On the same day that the Lancasters entered into the Lease and Agree-

ment, they had acquired the subject property from Frances L. Hardin. The deed consummating the sale was recorded on 27 March 1963. A mortgage securing a loan of $15,080 from the Lancasters to The Augusta Building and Loan Association, Inc. (Augusta) was recorded later on the same day.[6] The Lease and Agreement was also recorded on 27 March 1963, but subsequent to the recordation of the mortgage.

Notwithstanding Southern's right of first refusal, the Lancasters, by a duly recorded deed dated 5 February 1968, conveyed to J. Lawrence Millison the reversionary interest in the subject property as well as an adjacent parcel of property. Millison subsequently defaulted on the mortgage agreement and foreclosure proceedings were instituted. At the foreclosure sale, the subject property was bid in at $35,000 by the mortgagee by assignment, Ralph Chesser. Southern filed exceptions to the foreclosure sale. Chesser filed a demurrer to the exceptions on several grounds including, *inter alia,* 1) there was no allegation that the lease is a prior lien to the mortgage and in fact the lease is subordinate to the mortgage, and 2) there was no allegation that Southern had any interest in the proceeds of the sale and, therefore, no standing to file exceptions to the foreclosure proceeding. The lower court ruled that inasmuch as the lease was subordinate to the mortgage, the demurrer should be sustained. *Id.* at 448–49, 272 A.2d 641. The sale was finally ratified on 25 March 1970.

On appeal, the Court of Appeals held that Southern did have standing to file the exceptions because, as tenant under the recorded lease, Southern had an interest in the mortgaged property that would be adversely affected if the foreclosure sale was finally ratified. *Id.* at 449, 272 A.2d 641. The Court further explained that

the priority between the mortgage and the lease is not the controlling issue on the demurrer inasmuch as it is well established that it is the *final ratification* of the foreclosure

6. The mortgage was assigned by Augusta to Ralph Chesser on 9 July 1969.

sale and conveyance to the purchaser after payment of the purchase price, which eliminates estates in the mortgaged premises created by the mortgagor subsequent to the mortgage.

*Id.* at 451–52, 272 A.2d 641 (citing Md.Code Ann., Art. 66, § 5(b) (1968 Replacement Volume (now codified at Md.Code Ann., Real Prop. § 7–105(a)) (emphasis in the original). In other words, any *estate,* e.g., leasehold, life estate, fee, conveyed by a mortgagor subsequent to the mortgage is eliminated by the final ratification of a foreclosure sale. *Accord Smith v. Pritchett,* 168 Md. 347, 178 A. 113 (1935) (tenancy from year to year extinguished by foreclosure sale); *Russum v. Wanser,* 53 Md. 92 (1880) (three-year lease extinguished by foreclosure sale).

■ This does not mean, as appellee suggests, that all *liens and encumbrances* incurred by the mortgagor subsequent to the mortgage are similarly eliminated. A lien, unlike a leasehold, is not an "estate." *Black's Law Dictionary* gives the following definition of "estate":

The degree, quantity, nature, and extent of interest which a person has in real and personal property. An estate in lands, tenements, and hereditaments signifies such interest as the tenant has therein.

*Black's Law Dictionary* 547 (6th ed. 1990). Although in *Southern Md. Oil* the final ratification of a foreclosure sale would have extinguished Southern's leasehold estate in the foreclosed property, *Southern Md. Oil,* 260 Md. at 451–52, 272 A.2d 641, section 7–105(a) does not operate to extinguish liens and encumbrances incurred subsequent to the mortgage.[7] It merely conveys to the mortgagee, who purchased the property via a power of sale or an assent to a decree of sale provision, "all the title which the borrower had in the property at the time of the recording of the mortgage or deed of trust," free

---

7. *But see* Md.Code Ann., Real Prop. § 9–108 (1988 Replacement Volume) (a valid and established mechanics' lien is extinguished if the proceeds of the foreclosure sale are insufficient, i.e., a deficiency, to satisfy the mechanics' lien in its order of priority).

and clear of any estates granted subsequent to the mortgage.[8] Md.Code Ann., Real Prop. § 7–105(a).

Section 9–102(d), on the other hand, provides that a bona fide purchaser for value who takes legal title prior to the establishment [9] of a mechanics' lien, takes free and clear of the mechanics' lien action. *Id.* § 9–102(d). "Clearly, the mere taking of legal title prior to the establishment of a lien does not serve to exempt the property under § 9–102(d). The statute plainly requires that the intervening purchaser be a bona fide purchaser for value." *Sterling Mirror, Inc. v. Rahbar,* 90 Md.App. 193, 198, 600 A.2d 899 (1992) (citations omitted).

■ The burden of proving that an intervening owner is not a bona fide purchaser for value is on the claimant. *Id.; Talbott Lumber Co. v. Tymann,* 48 Md.App. 647, 650, 428 A.2d 1229 (1981):

The property owner need do no more than contravene a claimant's allegation in order to challenge the validity of the claim. He or she need offer no evidence of his or her status except in response to evidence first offered by the claimant tending to show that the property owner is not a bona fide purchaser for value.

*Sterling Mirror,* 90 Md.App. at 198, 600 A.2d 899 (citations omitted).

■ In order to determine appellee's status as a bona fide purchaser for value in the instant case, it is necessary to

---

8. *Cf. Lee v. Early,* 44 Md. 80, 92 (1876) ("the title of a purchaser under a decree to enforce the payment of a mortgage debt, is not impaired or affected by the lien of a judgment rendered against the mortgagor subsequent to the mortgage"). A judgment creditor under the scenario set forth in *Lee,* however, is entitled to have an account stated showing the real amount of the mortgage debt, and to have the surplus, if any, applied in satisfaction of his or her judgment. *Harris v. Hooper,* 50 Md. 537, 549–51 (1878); *see also* Md.Code Ann., Real Prop. § 9–108, *supra* note 6.

9. A mechanics' lien is "established" when a final or interlocutory order is entered by the court attaching such lien. Md.Code Ann., Real Prop. § 9–106(b) (1988 Replacement Volume & 1994 Supp.).

ascertain when, as the mortgagee/purchaser at the foreclosure sale, appellee was granted legal title in the subject property. In Maryland,

> the mortgagor of real estate is regarded as the beneficial owner of the mortgaged property but the mortgage conveys the whole legal estate to the mortgagee, subject generally to the condition subsequent that upon due payment of the mortgage debt and on performance of all the covenants by the mortgagor, the mortgage deed is avoided.

*Hebron Sav. Bank v. City of Salisbury,* 259 Md. 294, 299, 269 A.2d 597 (1970); *Williams v. Safe Dep. & Trust Co.,* 167 Md. 499, 504, 175 A. 331 (1934); *Bank of Commerce v. Owens,* 31 Md. 320, 325–26 (1869); *Furlong v. Edwards,* 3 Md. 99, 104–05 (1852). In other words, the mortgagor, while retaining equitable title in the mortgaged property, grants to the mortgagee legal title in that property. If the mortgagee forecloses on the mortgaged property and purchases the mortgaged property at the foreclosure sale, legal and equitable title are thereby joined in the mortgagee. *See Baltimore Fed. Sav. & Loan Ass'n v. Eareckson,* 221 Md. 527, 531, 158 A.2d 121 (1960) ("A purchaser [at a foreclosure sale] buys only the interest of the mortgagor."); *Zepp v. Darnall,* 191 Md. 68, 74, 59 A.2d 774 (1948) (same); *Garner v. Union Trust Co.,* 185 Md. 386, 392, 45 A.2d 106 (1945) (same).

In the case *sub judice,* appellee was granted a mortgage on the small tract in 1989 and, as mortgagee, took legal title at that time. Therefore, pursuant to section 9–102(d), if appellee was a bona fide purchaser for value at the time he was granted the mortgage on the small tract, that property "may not be subjected to a [mechanics' lien]." [10]

Appellant sets forth in its brief two bases for its assertion that appellee was not a bona fide purchaser for value, thereby entitling appellant to pursue his right to a mechanics' lien against appellee. First, appellant claims that appellee "owned

---

**10.** The grant to appellee of legal title was also well before the establishment of the interlocutory lien, which was granted by order of the court in 1993. *See supra* note 8.

or controlled [Birchwood] and knew of [Birchwood's] inability to pay for the lienable work when the contracts for the work were made." Second, appellant contends that "a foreclosing mortgagee purchaser at a foreclosure sale cannot be a bona fide purchaser for value under any circumstances" because, pursuant to section 9–102(e), the filing of a mechanics' lien petition constitutes notice of the possibility of a lien being perfected. *See* Md.Code Ann., Real Prop. § 9–102(e); *Johnson Hydro Seeding Corp. v. Ian Homes, Inc. (In re Ian Homes, Inc.)*, 126 B.R. 933, 934–35 (Bankr.D.Md.1991) ("the bona fide purchaser is forewarned under MLL § 9–102(e)"); *National Glass, Inc. v. J.C. Penney Props., Inc.*, 336 Md. 606, 650 A.2d 246 (1994) ("the filing of the lien petition will serve as notice to subsequent purchasers 'of the possibility of a lien being perfected' "). Both of appellant's contentions, however, occurred *subsequent* to the passage of legal title to appellee via mortgage in 1989—the two construction contracts entered into between appellant and Birchwood were dated 9 July 1992 and 20 October 1992 respectively, and the petition to establish the mechanics' lien was filed on 24 May 1993—and therefore have no effect on appellee's status as a bona fide purchaser for value.

The fact scenario in the instant case is analogous to that in *Sterling Mirror, Inc. v. Rahbar*, 90 Md.App. 193, 600 A.2d 899 (1992). In that case, Sterling Mirror, Inc. (Sterling) entered into a contract with COMACS, Inc. (COMACS) to furnish and install mirrors and other specialty items for homes being built by COMACS in a subdivision known as "Somerset." CO-MACS was to perform as the general contractor while Sterling was one of the subcontractors hired by COMACS.

On 22 March 1990, Roger and Cheryl Flynn (Flynns) purchased and took equitable and legal title,[11] as tenants by the

---

11. "It has long been established that a purchaser of land under a contract of sale acquires, not a legal title, but an equitable title". *Kingsley v. Makay*, 253 Md. 24, 27, 251 A.2d 585 (1969) (citing *Stebbins–Anderson Co. v. Bolton*, 208 Md. 183, 117 A.2d 908 (1955), and the cases therein). "The legal title to land ... does not pass, other than by operation of law, until a deed is properly executed and recorded." *Id.*

entirety, to lot 17 and a house on that lot that was under construction by COMACS. On 14 May 1990, Sterling began to perform under the subcontract on what was then the Flynns' property. Sterling completed performance of the contract by mid-July, but never received payment from CO-MACS. A similar scenario occurred between Sterling and COMACS with regard to three other lots in the subdivision.

Unable to obtain payment from COMACS, Sterling pursued mechanics' lien actions against the four homeowners and their properties. The circuit court denied Sterling's petitions to establish a mechanics' lien in each case because Sterling had failed to meet its burden of proving that the purchasers of the subject properties were not bona fide purchasers for value.

On appeal, this Court noted that "the provision of § 9–102(d) makes it clear that the statute was not intended to protect subcontractors against bona fide purchasers for value." *Id.* at 199–200, 600 A.2d 899. Therefore, this Court held that because there was insufficient evidence that the purchasers of the subject properties were not bona fide purchasers for value at the time legal title had passed to them,[12] Sterling's mechanics' lien actions must fail. *Id.* at 198, 600 A.2d 899.

Consequently, we hold that appellee, at the time he was granted legal title to the small tract via mortgage in 1989, was a bona fide purchaser for value, and therefore took free and clear of appellant's right to establish a mechanics' lien when he subsequently obtained beneficial and equitable title to the subject property at the foreclosure sale. As appellant has conceded in its brief and at oral argument that it does not challenge the validity of the foreclosure proceedings,[13] and

---

**12.** Indeed, in the Flynns' case, Sterling did not commence work until after equitable and legal title had passed to the Flynns.

**13.** Appellant, in its brief, stated: "IA concedes that it appears the foreclosure proceedings were correctly instituted and finalized."

Our opinion in this case does not preclude a subcontractor from collaterally attacking a foreclosure sale on the basis of fraud or collusion. *See Bennett v. Nationsbank,* 103 Md.App. 749, 654 A.2d 949

there are no other material facts in dispute, we affirm the order of the circuit court granting appellee's motion for summary judgment.

## II.

Appellant next argues that "the subject mechanics['] lien action should be construed as a form of lis pendens." As explained in *Fiol v. Howard County Bd. of Appeals,* 67 Md.App. 595, 603, 508 A.2d 1005, *cert. denied sub nom. Somerlock v. Fiol,* 307 Md. 406, 514 A.2d 24 (1986): "It is a well-established rule (sometimes called the doctrine of *lis pendens* ) that persons who purchase property subject to litigation are bound by the judgment as much as if they had been actual parties to the litigation." *See also Walzl v. King,* 113 Md. 550, 556, 77 A. 1117 (1910); *Stockett v. Goodman,* 47 Md. 54, 60 (1877); *Amabile v. Winkles,* 34 Md.App. 435, 439, 367 A.2d 58, *cert. denied,* 280 Md. 727 (1977).

The doctrine of lis pendens, however, has no application in the instant case. As explained *supra,* at the time legal title passed to appellee, appellee was a bona fide purchaser for value. Therefore, pursuant to section 9–102(d), appellee takes free and clear of appellant's mechanics' lien action.[14]

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.

---

(1995). *But see Fairfax Sav. F.S.B. v. Kris Jen Ltd. Partnership,* 338 Md. 1, 655 A.2d 1265 (1995).

**14.** *Compare National Glass, Inc. v. J.C. Penney Props., Inc.,* 336 Md. 606, 650 A.2d 246 (1994) (where claimant has filed a petition to establish a mechanics' lien *before* legal and/or equitable title has passed to a subsequent purchaser, lis pendens would apply to a subsequent purchaser) *with Himmighoefer v. Medallion Indus., Inc.,* 302 Md. 270, 487 A.2d 282 (1985) (where claimant has filed a petition to establish a mechanics' lien *after* equitable title has passed to a subsequent purchaser, the interest of the subsequent purchaser could not be reached by the mechanics' lien).